OPINION
{¶ 1} Defendant-appellant, Michael Dale Phillips, appeals his conviction from the Butler County Court of Common Pleas by asserting that his no contest plea was not knowingly, intelligently, and voluntarily made when he was misinformed by the trial court at his plea that he was eligible to be sentenced to a community control sanction instead of prison.
 {¶ 2} Appellant pled no contest to a violation of R.C. 4511.19(A)(1)(a), operating a *Page 2 
motor vehicle under the influence ("OVI"). The instant offense was charged as a felony of the third degree because appellant was previously convicted of an OVI felony. Included with this count was a specification under R.C. 2941.1413 that within 20 years of the offense, appellant previously was convicted of or pled guilty to five or more equivalent offenses. Appellant also pled no contest to the offense of driving under suspension ("DUS").
 {¶ 3} Appellant was sentenced to a prison term of four years on the OVI, three years for the specification imposed consecutively to the first count, and 180 days in jail on the DUS, concurrent with the first count.
 {¶ 4} Appellant now appeals his conviction, arguing under his single assignment of error that his constitutional rights were violated when the trial court "accepted unknowing, unintelligent and involuntary no contest pleas."
 {¶ 5} Appellant asserts in this appeal that his conviction should be overturned and the matter remanded because the trial court told him on more than one occasion before accepting his plea that it could impose a community control sanction, when, in fact, he was subject to a mandatory prison term.
 {¶ 6} A third-degree felony OVI offense involves a mandatory prison term, with the specification herein imposed consecutively to the prison term for the underlying offense. See R.C. 2929.13(G)(2); R.C. 4511.19(G)(1)(e); R.C. 2941.1413.
 {¶ 7} The record of the plea hearing indicates the trial court informed appellant the court had two options for disposition. The trial court told appellant the court had the option to either put him in prison or give him some form of community control. The trial court instructed on the consequences if appellant violated the terms of community control.
 {¶ 8} The trial court told appellant, "[i]f I gave you prison, again, it could be — looks like a maximum of ten years." The trial court instructed appellant that "whether you get community control or not or go to prison," he faced a license suspension of three years to life. *Page 3 
The trial court did not mention mandatory or consecutive prison terms.
 {¶ 9} At the plea hearing, appellant requested a community control sanction for treatment in its SAMI (Substance Abuse Mental Illness Court) Program. The trial court acknowledged appellant's request and ordered that appellant be evaluated for a specific community-based treatment program.
 {¶ 10} When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily, and failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.State v. Engle, 74 Ohio St.3d 525, 527, 1996-Ohio-179.
 {¶ 11} Crim. R. 11(C)(2) requires an oral dialogue between the trial court and the defendant, which enables the court to determine fully the defendant's understanding of the consequences of his plea of guilty or no contest. State v. Clark, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 26 (in conducting colloquy, trial judge must convey accurate information to defendant so that defendant can understand the consequences of his or her decision and enter a valid plea).
 {¶ 12} Crim. R. 11(C)(2) states that a trial court in felony cases shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following, as pertinent here: determining that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions at the sentencing hearing. Crim. R. 11 (C)(2)(a).
 {¶ 13} A trial court must substantially comply with Crim. R. 11 when it gives the nonconstitutional notifications required by Crim. R. 11(C)(2)(a) and (b). State v. Veney, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 14. Under this standard, a slight deviation from the text of the rule is permissible, so long as the totality of the circumstances indicates that the *Page 4 
defendant subjectively understands the implications of his plea and the rights he is waiving. Clark at ¶ 31.
 {¶ 14} When the trial court does not substantially comply with Crim. R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule. Clark at ¶ 32.
 {¶ 15} If the trial court partially complied, the plea may be vacated only if the defendant demonstrates prejudicial effect. Id. If the trial judge completely failed to comply with the rule, the plea must be vacated. Id. "A complete failure to comply with the rule does not implicate an analysis of prejudice." Id., quoting State v. Sarkozy,117 Ohio St.3d 86, 2008-Ohio-509.
 {¶ 16} In Sarkozy, the Ohio Supreme Court vacated a plea and remanded the case after it found that a trial court colloquy did not inform the defendant that he was subject to mandatory postrelease control. The court opined that, under the totality of the circumstances, the defendant could not have subjectively understood that postrelease control was part of his sentence when the trial court failed to advise him of postrelease control and its ramifications during the plea colloquy. Sarkozy at ¶ 19-26.
 {¶ 17} The Second District Court of Appeals in State v. Howard, Champaign App. No. 06-CA-29, 2008-Ohio-419, likewise vacated a plea and remanded a case where the trial court indicated that the defendant was eligible for a community control sanction, when in fact he was not eligible for community control as the result of his plea.
 {¶ 18} The appellate court found the trial court's statements did not satisfy the Crim. R. 11 requirement that a trial court determine if the defendant understood that he was not eligible for the imposition of community control sanctions, "especially where the trial court affirmatively mis-advised defendant that he was eligible for the imposition of community control sanctions." Id. at ¶ 25-26 (because ineligibility for the imposition of community control *Page 5 
sanctions is an important effect of a plea, it is incorporated in Crim. R. 11(C)(2)(a) as a subject that must be specifically addressed by the trial court and the trial court must determine the defendant's understanding thereof).
 {¶ 19} For the reasons outlined above, we find, under the totality of the circumstances, appellant could not have subjectively understood that he was ineligible to serve a community control sanction instead of a prison term. The trial court affirmatively misinformed appellant and completely failed to comply with the rule. Appellant's assignment of error is sustained.
 {¶ 20} Appellant's plea is vacated and this matter is reversed and remanded to the trial court for further proceedings consistent with the law and in accordance with this Opinion.
BRESSLER, P.J., and RINGLAND, J., concur. *Page 1