[Cite as *State v. Butcher*, 2013-Ohio-3081.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-10-206 |
| | : | O P I N I O N |
| - vs - | | 7/15/2013 |
| | : | |
| MICHAEL D. BUTCHER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-05-0702


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Michael D. Butcher, appeals from his conviction in the Butler County Court of Common Pleas following his guilty plea to one count of rape. For the reasons set forth below, we affirm Butcher's conviction.

{¶ 2} On May 16, 2012, the Butler County Grand Jury indicted Butcher on two counts of rape, one count in violation of R.C. 2907.02(A)(1)(c) and one count in violation of R.C.

2907.02(A)(2).[1] Butcher later pled guilty to the violation under R.C. 2907.02(A)(1)(c), a first-degree felony. The second rape count was merged as part of a plea agreement.

{¶ 3} The trial court held a plea hearing on August 23, 2012. During the plea hearing, the trial court conducted a Crim.R. 11 colloquy, advising Butcher of the various rights he was waiving and informing him of the potential maximum sentence of 11 years in prison and the terms of post-release control. At this hearing, the trial court also informed Butcher that he would be designated a Tier III sex offender. The trial court explained to Butcher that there would be a registration requirement based on this classification, and then the following exchange took place:

> THE COURT: For the rest of your life, sir, you're going to have to report every 90 days to the county, to the sheriff of the county in which you're residing, and that will be for the rest of your life. Do you understand that sir?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Does that in any way change what you wish to do here today as far as a plea?
>
> DEFENDANT: No, sir.

After this exchange, the trial court accepted Butcher's guilty plea.

{¶ 4} The trial court held a sentencing hearing on October 3, 2012, and imposed a ten-year mandatory prison term, a no-contact order, payment of the costs of prosecution, and designated Butcher a Tier III sex offender. Butcher appeals raising one assignment of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ITS ACCEPTANCE OF A GUILTY PLEA WHICH WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY, IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER THE

---

1. The indictment was later amended on August 20, 2012 to correct an error in Butcher's name in the original indictment.

FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶ 7} In his sole assignment of error, Butcher challenges the validity of his guilty plea. He argues that his plea was not knowing, intelligent, or voluntary because he was not informed that his classification as a Tier III sex offender would require him to register in the county he works, attends school, or is "temporarily domiciled." Butcher contends the trial court only informed him that his Tier III sex offender classification required registration with the sheriff in the county where he resides. Butcher argues the trial court's failure to provide these other registration requirements resulted in the trial court's complete failure to comply with Crim.R. 11. In response, the state asserts the trial court properly advised appellant concerning his Tier III sex offender status and his registration requirements, and therefore the state contends the court "substantially complied" with the requirements found in Crim.R. 11.

{¶ 8} "When a defendant enters a guilty plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily, and the failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Douglass*, 12th Dist. Butler Nos. CA2008-07-168 and CA2008-08-199, 2009-Ohio-3826, ¶ 9; *State v. Engle,* 74 Ohio St.3d 525, 527 (1996). In order for a trial court to ensure that a defendant's plea is knowing, voluntary, and intelligent, it must engage the defendant in a colloquy pursuant to Crim.R. 11(C). *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25-26. Pursuant to Crim.R. 11(C)(2), the trial court may not accept a guilty plea without first addressing the defendant personally and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 9} The rights found in Crim.R. 11 have been divided into constitutional and nonconstitutional rights. *State v. Manis*, 12th Dist. Butler No. CA2011-03-059, 2012-Ohio-3753, ¶ 12. As to the nonconstitutional notifications found in Crim.R. 11(C)(2)(a) and (b), which includes notification of the maximum penalty, "a trial court's 'substantial compliance' during the plea colloquy is sufficient for a valid plea." *State v. Seymore*, 12th Dist. Butler Nos. CA2011-07-131 and CA2011-07-143, 2012-Ohio-3125, ¶ 10. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Manis* at ¶ 12; quoting *State v. Nero*, 56 Ohio St.3d 106, 107 (1990).

{¶ 10} Historically, a trial court had no obligation to inform a defendant of the applicable registration and notification requirements pursuant to R.C. Chapter 2950 prior to accepting a guilty plea. *State v. Dotson*, 12th Dist. Preble No. CA2007-11-025, 2008-Ohio-4965, ¶ 28. These requirements were considered "remedial and not punitive in nature," and therefore courts were not obligated under Crim.R. 11(C) to mention them. *Id.* However, in *State v. Williams*, 129 Ohio St.3d 324, 2011-Ohio-3374, the Ohio Supreme Court held that the current version of R.C. Chapter 2950, 2007 Am.Sub.S.B. No. 10 (S.B. 10), is punitive rather than remedial. *Williams* at ¶ 16.[2]

---

2. The current version of R.C. Chapter 2950 is also often referred to as Ohio's "Adam Walsh Act" as it is based on the federal Adam Walsh Act, 42 U.S.C. 16901 et seq.

{¶ 11} As the requirements under R.C. Chapter 2950 are now part of penalty for the offense, we find that Crim.R. 11 obligates a trial court to advise a defendant of the basic registration requirements under R.C. Chapter 2950 before accepting a guilty plea. *State v. Hawkins*, 2d Dist. Greene No. 2012-CA-49, 2013-Ohio-2572, ¶ 12; *State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶ 16; *State v. Jackson*, 1st Dist. Hamilton No. C-110645, 2012-Ohio-3348, ¶ 6. Additionally, these advisements under R.C. Chapter 2950 are part of the nonconstitutional notifications of Crim.R. 11. *Hawkins* at ¶ 12. In reaching this conclusion, we note that a trial court is not required to review each of the numerous individual restrictions and requirements set forth in R.C. Chapter 2950 to substantially comply with Crim.R. 11. *Creed* at ¶ 16; *Hawkins* at ¶ 14.

{¶ 12} In the present case, the record indicates that Butcher subjectively understood the maximum penalty resulting from his guilty plea, including his classification as a Tier III sex offender and the resulting registration requirements. During the plea hearing, the trial court correctly advised Butcher that he would be labeled a Tier III sex offender. R.C. 2950.01(G)(1)(a). The trial court also notified Butcher that he would be subject to certain registration requirements as a result of this classification. The trial court specifically informed Butcher that every 90 days, for the rest of his life, he would be required to register with the sheriff of the county where he resides. Importantly, after informing Butcher of his Tier III classification and the lifetime reporting requirements, the trial court specifically asked Butcher if this "in any way change[d] what you wish to do here as far as plea," and Butcher respond, "no."

{¶ 13} The trial court's failure to specify that Butcher would also be required to register with the sheriff of the county in which he works, attends school, or "temporarily resides" does not invalidate his plea. Rather, the totality of the circumstances indicate that Butcher subjectively understood that by pleading guilty to rape, he would be subjected to certain

restrictions as a Tier III sex offender. Accordingly, we find that the statements made by the trial court with regard to Butcher's registration requirements under R.C. Chapter 2950 were such that the trial court substantially complied with the nonconstitutional provisions of Crim.R.11.

{¶ 14} In light of the foregoing, we find that the trial court properly accepted Butcher's guilty plea as it was knowing, intelligent, and voluntary. Butcher's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.