[Cite as *State v. Henson*, 2014-Ohio-3994.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2013-12-221 |
| | : | O P I N I O N |
| - vs - | | 9/15/2014 |
| | : | |
| ALFRED WAYNE HENSON, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-07-1147


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**HENDRICKSON, P.J.**

{¶ 1}   Defendant-appellant, Alfred Wayne Henson, appeals his conviction in the Butler County Court of Common Pleas for sexual battery, arguing that his guilty plea was not knowingly, intelligently, and voluntarily entered because the trial court misinformed him of the community notification requirements for a Tier III sex offender.  For the reasons discussed below, appellant's plea is vacated and the matter is remanded to the trial court for further proceedings.

{¶ 2} In September 2013, appellant was indicted on one count of sexual battery in violation of R.C. 2907.03(A)(2). Appellant entered a guilty plea to the charge on September 26, 2013. Prior to accepting appellant's guilty plea, the trial court conducted a Crim.R. 11 colloquy, advising appellant of the various rights he was waiving and informing him of the potential maximum sentence he faced. The court also informed appellant that by pleading guilty he would be considered a Tier III sex offender, but would not be subject to mandatory community notification. Specifically, the court advised appellant as follows:

> THE COURT: Okay. Mr. Henson, it's the Court's understanding this morning that you will enter a plea of guilty to sexual battery. Sexual battery is a felony in the third degree. Under Ohio law, the maximum possible sentence the court would impose would be five years in prison and a $7,500 fine. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, in addition to that, he would be considered to be a Tier II offender?
>
> [THE PROSECUTOR]: Tier III, Your Honor.
>
> THE COURT: Tier III offender. What that means under Ohio law is that there will be a requirement that you must register for you - - the rest of your life, every three months, in the community in which you live, the county in which you live, *and I believe that this does not carry a mandatory public notification or does it?*
>
> [THE PROSECUTOR]: I don't believe it does, Your Honor.
>
> THE COURT: *I don't believe it does.*
>
> [THE PROSECUTOR]: Just has sexual offender, - -
>
> THE COURT: Yeah.
>
> [THE PROSECUTOR]: - - or excuse me, sexual battery.
>
> THE COURT: Yeah. So, do you understand that?
>
> THE DEFENDANT: Yes.

(Emphasis added.) Appellant indicated he understood the consequences of pleading guilty and executed a "Plea of Guilty and Jury Waiver" form (hereafter, "plea form"). The plea form did not mention appellant's sex offender status or sex offender reporting and notification requirements.

{¶ 3} Appellant was sentenced on October 23, 2013. At this time, the trial court provided appellant with an "Explanation of Duties to Register as a Sex Offender or Child Victim Offender" form (hereafter "explanation of duties form") and advised appellant as follows about his sex offender reporting and notification requirements:

THE COURT: Okay. Mr. Henson has previously been found guilty of sexual battery. I believe that's a Tier II offender?

[THE PROSECUTOR]: Tier III.

THE COURT: Tier III offender. So what that means, Mr. Henson, the Court has previously indicated to you that you are required to register for your lifetime, every 90 days in the county in which you live. *I believe he is not subject to community notification.* Is that correct?

[THE PROSECUTOR]: I believe that's correct.

THE COURT: Okay. Do you understand all that?

THE DEFENDANT: I mean, what's community notification means.

[DEFENSE COUNSEL]: It doesn't get published.

THE COURT: Means it doesn't get published. Okay?

THE DEFENDANT: Okay.

THE COURT: Here is a - - [defense counsel], why don't you have him study that notification. We'll give him a copy of that.

* * *

[DEFENSE COUNSEL]: He signed the notification, Your Honor.

THE COURT: Okay. He signed it and I'll give him a copy back.

- 3 -

* * *

THE COURT: He has signed it; part of the record. We'll file that, unless you want to.

[THE PROSECUTOR]: No, Judge. Thank you.

(Emphasis added.)[1] The explanation of duties form contained a check-marked box indicating appellant was classified as a Tier III sex offender. The box immediately following the Tier III sex offender classification box was also check-marked. This box specifically provided "Not Subject to Community Notification pursuant to O.R.C. 2950.11(F)(2)." The form was signed by both appellant and the trial court judge. Thereafter, the trial court imposed a 36-month prison term and advised appellant he was subject to five years of mandatory postrelease control following his release from prison.

{¶ 4} Appellant timely appealed his conviction, raising as his sole assignment of error the following:

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ITS ACCEPTANCE OF A GUILTY PLEA WHICH WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY, IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION.

{¶ 6} Appellant argues his guilty plea to sexual battery was not knowingly, intelligently, and voluntarily made as he was not advised of the maximum penalty he faced during the plea colloquy. Appellant contends that because the sex offender tier level classification and corresponding requirements of the Adam Walsh Child Protection and

---

1. The trial court neglected to file the "Explanation of Duties to Register as a Sex Offender or Child Victim Offender" form with the clerk of courts, and the document was omitted from the record on appeal. This court sua sponte supplemented the record to include this form on August 26, 2014. *State v. Henson*, 12th Dist. Butler No. CA2013-12-221 (Aug. 26, 2014) (Sua Sponte Entry Supplementing the Record on Appeal).

Safety Act, R.C. Chapter 2950, constitute punishment, he must have been advised of the correct registration, community notification, and verification requirements pursuant to Crim.R. 11(C)(2)(a) before he could knowingly, intelligently, and voluntarily enter a guilty plea.  As the trial court incorrectly told appellant, both at the plea hearing and at the sentencing hearing, that he would not be subject to the community notifications set forth in R.C. 2950.11(F)(1) as part of his Tier III sex offender status, appellant argues his plea should be vacated and his conviction reversed.  The state, on the other hand, argues that the trial court substantially complied with informing appellant of his Tier III registration and notification requirements. The state contends that appellant's plea should not be vacated as appellant cannot establish he was prejudiced by the trial court's incorrect statement that he was not subject to community notification.

{¶ 7}   Before addressing whether appellant's plea was knowingly, intelligently, and voluntarily entered, we must first determine whether appellant, as a Tier III sex offender, was subject to community notification.  R.C. 2950.11(F)(1)(a) provides that "*[e]xcept as provided in division (F)(2) of this section*, the duties to provide the notices described in divisions (A) and (C) of this section [including community notification] apply regarding any offender * * * who is a tier III sex offender."  (Emphasis added.)  The exception to community notification set forth in R.C. 2950.11(F)(2) applies only if "a court finds at a hearing after considering the factors described in this division that the person would not be subject to the notification provisions of this section that were in the version of this section that existed immediately prior to January 1, 2008." R.C. 2950.11(F)(2).  In determining whether a person would have been subject to the notification provisions under the prior law, the court must consider the factors set forth in R.C. 2950.11(F)(2)(a)-(k).  These factors include, among other things, the age of the offender, the offender's prior criminal record, the age of the victim or victims, whether drugs or alcohol were used to impair the victim before the sexual offense was committed,

and whether the offender suffers from a mental illness or disability.

{¶ 8} Having examined the record in the present case, it is apparent that the trial court did not comply with the requirements of R.C. 2950.11(F)(2) so as to exclude appellant from community notification. The trial court did not engage in a discussion or weighing of the factors set forth in R.C. 2950.11(F)(2)(a)-(k) at the sentencing hearing; nor did the court hold a separate hearing to discuss such factors. Although the trial court repeatedly stated appellant was not subject to community notification, it is clear that such statements resulted from the court's confusion as to whether appellant was to be classified as a Tier II or Tier III sex offender and the resulting community notification requirements accompanying each offender status. Accordingly, as the trial court failed to comply with R.C. 2950.11(F)(2), we conclude that appellant, as a Tier III sex offender, is subject to community notification pursuant to R.C. 2950.11(F)(1).

{¶ 9} We must therefore determine what affect, if any, the trial court's incorrect statements regarding community notification has on the validity of appellant's plea.

{¶ 10} "When a defendant enters a guilty plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily, and the failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Butcher*, 12th Dist. Butler No. CA2012-10-206, 2013-Ohio-3081, ¶ 8, citing *State v. Douglass*, 12th Dist. Butler Nos. CA2008-07-168 and CA2008-08-199, 2009-Ohio-3826, ¶ 9. To ensure that a defendant's plea is knowing, voluntary, and intelligent, the trial court must engage the defendant in a colloquy pursuant to Crim.R. 11(C). *Id.*; *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25-26. Pursuant to Crim.R. 11(C)(2), the trial court may not accept a guilty plea without first addressing the defendant personally and:

(a) Determining that the defendant is making the plea voluntarily,

with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 11} The rights found in Crim.R. 11 have been divided into constitutional and nonconstitutional rights. *State v. Manis*, 12th Dist. Butler No. CA2011-03-059, 2012-Ohio-3753, ¶ 12. As for the nonconstitutional notifications found in Crim.R. 11(C)(2)(a) and (b), which includes notification of the maximum penalty, "a trial court's 'substantial compliance' during the plea colloquy is sufficient for a valid plea." *Butcher* at ¶ 9, quoting *State v. Seymore*, 12th Dist. Butler Nos. CA2011-07-131 and CA2011-07-143, 2012-Ohio-3125, ¶ 10. *See also State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 14. Under a substantial compliance standard, "a slight deviation from the text of the rule is permissible, so long as the totality of the circumstances indicates that the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Phillips,* 12th Dist. Butler No. CA2008-05-126, 2009-Ohio-1448, ¶ 13, citing *Clark*, 2008-Ohio-3748 at ¶ 31.

{¶ 12} When the trial court does not substantially comply with Crim.R. 11 in regards to a nonconstitutional right, the reviewing court must determine whether the trial court partially complied or failed to comply with the rule. *Phillips* at ¶ 14; *Clark* at ¶ 32. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect—that he would not have entered the plea. *Phillips* at ¶ 15; *Clark* at ¶ 32. However,

where "the trial judge completely failed to comply with the rule * * * the plea must be vacated." *Id.* Further, "[a] complete failure to comply with the rule does not implicate an analysis of prejudice." *Id.*, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 22.

{¶ 13} We have previously found that the registration and notification requirements set forth in R.C. Chapter 2950 are part of the penalty imposed upon a defendant, and that "Crim.R. 11 obligates a trial court to advise a defendant of the basic requirements under R.C. Chapter 2950 before accepting a guilty plea." *Butcher*, 2013-Ohio-3081 at ¶ 11. *See also State v. Williams*, 129 Ohio St.3d 324, 2011-Ohio-3374, ¶ 16 (finding the current version of R.C. Chapter 2950, 2007 Am.Sub.S.B. No. 10, punitive rather than remedial). We have further held that a trial court is not required to review each of the numerous individual restrictions and requirements set forth in R.C. Chapter 2950 to substantially comply with Crim.R. 11. *See Butcher* at ¶ 11. However, where a trial court reviews a specific requirement set forth in Chapter R.C. 2950, such as the requirement for community notification, the trial court is under an obligation to provide accurate information to the defendant. Where a trial court affirmatively misadvises a defendant about his reporting and notification requirements under R.C. Chapter 2950, the trial court has failed to comply with the requirements of Crim.R. 11(C), and the defendant need not show prejudice to have his plea vacated. *See, e.g., Phillips*, 2009-Ohio-1448 at ¶ 19 (vacating a defendant's plea where the trial court affirmatively misadvised the defendant as to his eligibility to serve a community control sanction rather than a prison sentence); *State v. Hendrix*, 12th Dist. Butler No. CA2012-12-265, 2013-Ohio-4978, ¶ 26-33 (vacating a defendant's plea where the trial court affirmatively misinformed the defendant about his eligibility for earned credit and judicial release).

{¶ 14} Here, the record reflects that the trial court failed to comply with Crim.R. 11(C) as it affirmatively misadvised appellant about his community notification requirements. At

both the plea hearing and the sentencing hearing, the trial court incorrectly informed appellant that he would not be subject to community notification. Further, the explanation of duties form executed by appellant at the sentencing hearing also incorrectly advised appellant that he was not subject to community notification. Based on the trial court's inaccurate information, we find that appellant could not have subjectively understood the community notification requirements set forth in R.C. Chapter 2950 at the time he entered his guilty plea. Appellant, therefore, need not show prejudice to have his plea vacated. *See Phillips* at ¶ 15-19; *Hendrix* at ¶ 33.

{¶ 15} Accordingly, for the reasons discussed above, appellant's sole assignment of error is sustained.

{¶ 16} Appellant's plea is vacated and this matter is reversed and remanded to the trial court for further proceedings consistent with the law and in accordance with this Opinion.

PIPER and M. POWELL, JJ., concur.