[Cite as *State v. Pringle*, 2016-Ohio-1149.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


STATE OF OHIO,                              :

    Plaintiff-Appellee,                     :               CASE NO.   CA2015-08-023

                                   :               O P I N I O N
    - vs -                                              3/21/2016

                                     :

JOHN PRINGLE,                               :

    Defendant-Appellant.                    :


CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2010 CR 2075


Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

John S. Pinard, 120 West Second Street, Suite 603, Dayton, Ohio 45402, for defendant-appellant


**RINGLAND, J.**

{¶ 1}  Defendant-appellant, John Pringle, appeals a decision of the Brown County Court of Common Pleas denying a motion to withdraw his guilty plea.  We affirm.

{¶ 2}  In May 2010, Pringle was charged in a nine-count indictment following a domestic dispute in which he fired a shotgun at responding officers.  As part of a plea bargain, Pringle pled guilty to domestic violence and felonious assault with a firearm

specification, and the remaining seven counts were dismissed.

{¶ 3} The trial court sentenced Pringle to a mandatory prison term of seven years for felonious assault, plus a three-year consecutive term for the firearm specification. The court imposed a term of 90 days on the domestic violence charge, to be served concurrently with the aggregate ten-year term. In July 2015, Pringle moved to withdraw his guilty plea. The trial court denied the motion without a hearing, and this appeal followed.

{¶ 4} In his sole assignment of error, Pringle challenges the trial court's denial of his withdrawal motion. Pringle maintains that he was unable to make a knowing, intelligent, and voluntary plea because he suffered ineffective assistance of counsel. According to Pringle, his trial attorney neglected to share discovery with him, did not visit him in prison, and failed to return his phone calls. Consequently, he was unacquainted with the evidence against him and did not understand the consequences of his plea. Rather, Pringle insists that his attorney coerced him into accepting the state's plea deal.

{¶ 5} We review a trial court's decision on a post-sentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Powell*, 12th Dist. Clermont No. CA2009-05-028, 2009-Ohio-6552, ¶ 10. An abuse of discretion connotes a decision that was arbitrary, unreasonable, or unconscionable. *Id.*

{¶ 6} Pursuant to Crim.R. 32.1, a defendant who seeks to withdraw his guilty plea after sentencing must demonstrate that such action is necessary to remedy a manifest injustice. *State v. Degaro*, 12th Dist. Butler No. CA2008-09-227, 2009-Ohio-2966, ¶ 10. A manifest injustice exists where there is a major flaw in the proceedings that begets a miscarriage of justice or denies due process. *State v. McMahon,* 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 6. A post-sentence motion to withdraw a guilty plea is not lightly granted, but is allowable only in extraordinary cases. *Id.*

{¶ 7} We have previously noted that ineffective assistance of counsel is an

- 2 -

appropriate basis for seeking to withdraw a guilty plea in the wake of sentencing. *State v. Eberle*, 12th Dist. Clermont No. CA2009-10-065, ¶ 56. In order to uphold such a motion, the defendant must establish that (1) his counsel's performance was deficient, and (2) there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).

{¶ 8} Typically, a self-serving affidavit is insufficient to establish a manifest injustice. *Degaro* at ¶ 11. This case is no exception. Indeed, the record supports that Pringle submitted his plea with full knowledge and understanding of the facts and the mandatory sentence he faced. He signed a written plea agreement which expressed his complete admission of guilt to the charges and indicated the mandatory nature of his prison terms. The instrument also specified that Pringle had read the document and knowingly, voluntarily, and intelligently entered his guilty plea.

{¶ 9} The facts underlying the offenses were also read into the record at the change of plea hearing prior to the court's acceptance of Pringle's guilty plea. Immediately thereafter, the trial court asked Pringle whether he would like to comment on the facts. Given the opportunity to articulate his version of events, Pringle declined. The court emphasized that its acceptance of Pringle's guilty plea constituted an admission of the facts, and Pringle professed his assent.

{¶ 10} The transcript for the plea hearing offers further support. Pringle uniformly answered in the affirmative each time the court asked whether he understood the ramifications of his plea, his Constitutional rights, and the details of his potential sentences. Furthermore, Pringle expressed contrition for his actions on the night of the incident.

{¶ 11} While Pringle portrays his trial counsel as neglectful and overbearing, the record indicates otherwise. His attorney filed for and received discovery and participated in

Pringle's competency hearing and mental evaluation. At the change of plea hearing, Pringle acknowledged that he had sufficient time to speak to his attorney, and that she had answered all of his questions satisfactorily. He further denied that he had been threatened or coerced into accepting the plea deal. Even if defense counsel in fact urged Pringle to accept the deal, such insistence does not constitute coercion or ineffective assistance. *State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 23.

{¶ 12} By Pringle's own depiction in his affidavit, his attorney "frantically went back and forth from the waiting room to the prosecutor attempting to negotiate a deal" on the day of his change of plea hearing. Defense counsel was able to wheedle down nine counts, nearly all felonies and some firearm specifications, to one felony with a firearm specification and one misdemeanor count. As charged, Pringle had been vulnerable to many more years of mandatory imprisonment. Such a favorable result can hardly be deemed ineffective assistance of counsel.

{¶ 13} Pringle's self-serving, conclusory statements in the affidavit accompanying his withdrawal motion in no way refute the propriety of his guilty plea. In view of the trial court's direct knowledge of the falsity of several statements in the affidavit, the court reasonably expressed its reservations about the credibility of the affidavit as a whole. *See, e.g., State v. Williams*, 12th Dist. Warren No. CA2009-03-032, 2009-Ohio-6240, ¶ 17. The five-year delay in seeking to withdraw his plea further erodes Pringle's credibility. *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph three of the syllabus.

{¶ 14} Finally, Pringle decries the trial court's decision to forego an evidentiary hearing before denying his withdrawal motion. A trial court is not required to hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea where the record is devoid of evidence warranting relief. *State v. Taylor*, 12th Dist. Madison No. CA2007-12-037, 2009-Ohio-924, ¶ 34. In declining to hold a hearing, the trial court found that Pringle's allegations

- 4 -

were irrefutably contradicted by the record.  Based upon our thorough review, we agree.  Thus, Pringle's baseless assertions were insufficient to expose a manifest injustice in the proceedings.

{¶ 15} In sum, the trial court did not abuse its discretion in overruling Pringle's motion to withdraw his guilty plea without a hearing.  Pringle's sole assignment of error is overruled.

{¶ 16} Judgment affirmed.

PIPER, P.J., and HENDRICKSON, J., concur.