[Cite as *State v. Swinson*, 2017-Ohio-150.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                        :           CASE NO. CA2016-05-024

                                                   :           O P I N I O N
- vs -                                                             1/17/2017
                                                   :

TRAVIS R. SWINSON,                         :

    Defendant-Appellant.                  :

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013-CR-0099

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Travis R. Swinson, #A688373, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Travis R. Swinson, appeals from a decision of the Clermont County Court of Common Pleas denying his motion to withdraw his guilty plea. For the reasons set forth below, we affirm the decision of the trial court.

{¶ 2} In February 2013, appellant was indicted on two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), felonies of the third degree. On July 11, 2013, pursuant to a plea agreement reached with the state, appellant pled guilty to one count

of unlawful sexual conduct with a minor in exchange for the other count being dismissed.[1]

Prior to accepting appellant's guilty plea, the trial court conducted a Crim.R. 11 colloquy, advising appellant of the various rights he was waiving and informing him of the potential maximum sentence he faced. The court also informed appellant that a guilty plea would result in appellant being classified a Tier II sex offender. Specifically, the court advised appellant as follows regarding his Tier II classification:

> THE COURT: You understand that this also carries with it what's known as a Tier II classification for being a sex offender, child victim offender registrant. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Which means, at some point in time you would be required to report to the sheriff's office in the county in which you choose to live every 180 days for the next 25 years. Do you understand that?
>
> * * *
>
> THE DEFENDANT: Yes.

Following this exchange, the trial court accepted appellant's guilty plea and had appellant read and execute a "Written Plea of Guilty" form. This form stated that appellant would be classified as a Tier II sex offender and advised appellant that, "[i]f this is a sexually oriented offense, [he would] be required to register with the Sheriff. The Sheriff may be required to tell [his] community of [his] crime and address." Thereafter, the court scheduled a date for appellant to be sentenced and ordered that a presentence investigation report be completed.

{¶ 3} On July 22, 2013, prior to being sentenced, appellant moved to withdraw his

---

1. While facing charges for unlawful sexual conduct with a minor in the case at bar, appellant was subsequently indicted in May 2013, in Case No. 2013-CR-0303, on four counts of illegal manufacture of drugs, two counts of illegal assembly, two counts of endangering children, one count of aggravated possession of drugs, one count of aggravated trafficking in drugs, and two counts of corrupting another with drugs. At the same time he pled guilty to one count of unlawful sexual conduct with a minor in this case, appellant pled guilty in Case No. 2013-CR-0303 to one count of illegal assembly and two counts of corrupting another with drugs in exchange for the remaining charges being dismissed by the state.

guilty plea. After holding a hearing, the trial court denied appellant's motion, finding there was not a "reasonable and legitimate basis for the withdrawal of the plea. Instead, it appears that the defendant has had a mere change of heart regarding his decision to enter a plea, and has provided no additional justification for his motion to withdraw." Appellant was sentenced on August 27, 2013, to a 36-month prison term, and this term was run consecutively to a 48-month prison term imposed in another case.[2]

{¶ 4} Appellant did not directly appeal his conviction or sentence. On June 26, 2015, appellant sought leave to file a delayed appeal of his conviction, but his motion was denied. *State v. Swinson*, 12th Dist. Clermont Nos. CA2015-06-051 and CA2015-06-053 (Aug. 7, 2015) (Entry Denying Motion to File Delayed Appeal).

{¶ 5} On February 11, 2016, nearly two and one-half years after he was convicted and sentenced, appellant filed a motion to withdraw his guilty plea. In his motion, appellant contended that neither his trial counsel nor the trial court fully advised him of the requirements of a Tier II sex offender classification. Appellant argued his plea was not knowingly and intelligently entered as the court "failed to state the community notification which is also required." He also argued his trial counsel provided ineffective assistance as counsel "did not notify the defendant of the requirement of his Tier II plea, and counsel did not object when the trial court failed to do so during the plea colloquy." In support of his motion, appellant submitted an affidavit in which he averred as follows:

> 1. My name is Travis Swinson. I am the Defendant in Case No. 2013-CR-0099.
>
> 2. On July 11, 2013, I pled guilty in the Case No. 2013-CR-0099. During the plea colloquy, I was not informed by the trial court of

---

2. In Case No. 2013-CR-0303, appellant was sentenced to 48 months in prison for his convictions for one count of illegal assembly and two counts of corrupting another with drugs. His 36-month sentence in the case at bar for unlawful sexual conduct with a minor was run consecutively to his sentence in Case No. 2013-CR-0303, for an aggregate prison term of 84 months.

my obligations that are required for Tier II registration and/or Community Notification.

3. I was never informed by my trial counsel of my obligation for Tier II and Community Notification prior and/or after I pled guilty.

4. If I would have been informed of the obligations including the Community Notification, I would not have pled guilty.

{¶ 6} The trial court denied appellant's motion to withdraw his guilty plea without a hearing, finding appellant's ineffective assistance of counsel claim barred by res judicata as appellant was capable of raising the issue on direct appeal. The court further found that even if appellant's argument was not barred by the doctrine of res judicata, his argument failed on the merits as appellant could not demonstrate his counsel's performance was deficient or that he was prejudiced by this deficiency. Finally, the court found that appellant had been notified at the plea hearing of the reporting requirements for a Tier II sex offender, and that his plea had been knowingly, voluntarily, and intelligently made.

{¶ 7} Appellant timely appealed the denial of his motion to withdraw his guilty plea, raising the following as his sole assignment of error:

{¶ 8} [THE] TRIAL COURT ERRED IN ITS DENIAL OF APPELLANT'S [CRIM.R.] 32.1 MOTION FOR TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INFORM THE DEFENDAN[T] OF THE TIER TRGISTRATION [SIC] REQUIREMENTS IN VIOLATION OF CRIM.R. 11 AND THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES, OHIO CONSTITUTION, AND STATUTORY LAW.

{¶ 9} In his sole assignment of error, appellant argues the trial court erred in denying his motion to withdraw his guilty plea. Appellant contends his trial counsel was ineffective for failing to advise him of the "complete requirements" of his Tier II classification under the Adam Walsh Child Protection and Safety Act, R.C. Chapter 2950 (hereafter, "Adam Walsh

- 4 -

Act"). He further contends that the trial court's advisements at the plea hearing cannot cure his trial counsel's deficient performance as the court did not inform appellant of the "community notification" requirements of the Adam Walsh Act. Appellant contends "[t]he failure of the trial court and counsel to not inform [sic] the * * * appellant of all the requirements renders the plea involuntary and unintelligent and violated Crim.R. 11."

{¶ 10} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who seeks to withdraw a guilty plea after the imposition of a sentence has the burden of establishing the existence of a manifest injustice. *State v. Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. A manifest injustice is defined as "a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Hobbs*, 12th Dist. Warren No. CA2012-11-117, 2013-Ohio-3089, ¶ 9. "The requirement of demonstrating a manifest injustice is designed to discourage a defendant from pleading guilty to test the weight of the potential reprisal, and later attempting to withdraw the plea if the sentence was unexpectedly severe." *Williams* at ¶ 13. This sets forth an extremely high standard that is allowable only in extraordinary cases. *State v. Murray*, 12th Dist. Brown No. CA2015-12-029, 2016-Ohio-4994, ¶ 15.

**Ineffective Assistance of Counsel**

{¶ 11} This court has previously recognized that ineffective assistance of counsel is an appropriate basis for seeking withdrawal of a guilty plea. *See State v. Pringle*, 12th Dist. Brown No. CA2015-08-023, 2016-Ohio-1149, ¶ 7; *State v. Worthington*, 12th Dist. Brown No. CA2014-12-022, 2015-Ohio-3173, ¶ 16. When an alleged error underlying a motion to

withdraw a guilty plea is ineffective assistance of counsel, the defendant must show (1) his counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *Id.*, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984).

{¶ 12} This court has also recognized that the doctrine of res judicata "bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea that were raised or could have been raised in a prior proceeding." *State v. Rose*, 12th Dist. Butler CA2010-03-059, 2010-Ohio-5669, ¶ 18. *See also State v. Montgomery*, 8th Dist. Cuyahoga No. 99452, 2013-Ohio-4193, ¶ 42, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59-60. In the present case, appellant could have raised issues relating to his trial counsel's alleged failure to inform him of the requirements of a Tier II sex offender classification in his July 22, 2013 motion to withdraw his guilty plea. Appellant failed to do so, and, as a result, his arguments are now barred by the doctrine of res judicata. *See Rose* at ¶ 18-19; *State v. Held*, 4th Dist. Scioto No. 15CA3710, 2016-Ohio-2756, ¶ 18.

{¶ 13} However, even if appellant's arguments were not barred by res judicata, his arguments fail on their merits. Appellant cannot demonstrate that he was prejudiced by his trial counsel's alleged failure to inform him of the registration requirements of a Tier II sex offender. As will be discussed in more detail below, appellant was advised by the trial court, prior to the court's acceptance of his guilty plea, that he would be classified as a Tier II sex offender and "required to report to the sheriff's office in the county in which [he] * * * live[d] every 180 days for the next 25 years." Appellant, therefore, cannot claim that he would not have entered a guilty plea had he known of the reporting requirements associated with his Tier II classification.

**Compliance with Crim.R. 11(C)**

{¶ 14} Appellant also contends that the trial court never informed him of his

- 6 -

"obligations" as a Tier II sex offender, and in support of his argument, relies on his affidavit. "Typically, a self-serving affidavit is insufficient to establish a manifest injustice." *Pringle*, 2016-Ohio-1149 at ¶ 8. This case is no exception. Contrary to appellant's assertions, the record in the present case demonstrates that appellant entered his guilty plea with knowledge of the requirements of his Tier II classification.

{¶ 15} "'When a defendant enters a guilty plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily, and the failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and Ohio Constitution.'" *State v. Butcher*, 12th Dist. Butler No. CA2012-10-206, 2013-Ohio-3081, ¶ 8, quoting *State v. Douglass*, 12th Dist. Butler Nos. CA2008-07-168 and CA2008-08-199, 2009-Ohio-3826, ¶ 9. To ensure that a defendant's plea is knowing, voluntary, and intelligent, the trial court must engage the defendant in a colloquy pursuant to Crim.R. 11(C). *Id.*; *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25-26. Pursuant to Crim.R. 11(C)(2), the trial court may not accept a guilty plea without first addressing the defendant personally and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 15} The rights found in Crim.R. 11 have been divided into constitutional and

nonconstitutional rights. *State v. Manis*, 12th Dist. Butler No. CA2011-03-059, 2012-Ohio-3753, ¶ 12. "As for the nonconstitutional notifications found in Crim.R. 11(C)(2)(a) and (b), which includes notifications of the maximum penalty, 'a trial court's "substantial compliance" during the plea colloquy is sufficient for a valid plea.'" *State v. Henson*, 12th Dist. Butler No. CA2013-12-221, 2014-Ohio-3994, ¶ 11, quoting *Butcher* at ¶ 9. Under a substantial compliance standard, "a slight deviation from the text of the rule is permissible, so long as the totality of the circumstances indicates that the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Phillips*, 12th Dist. Butler No. CA2008-05-126, 2009-Ohio-1448, ¶ 13, citing *Clark*, 2008-Ohio-3748 at ¶ 31.

{¶ 16} This court has previously found that "the registration and notification requirements set forth in R.C. Chapter 2950 are part of the penalty imposed upon a defendant, and that 'Crim.R. 11 obligates a trial court to advise a defendant of the basic requirements under R.C. Chapter 2950 before accepting a guilty plea.'" *Henson* at ¶ 13, quoting Butcher at ¶ 11. We have further found that a trial court is not required to review each of the numerous individual restrictions and requirements set forth in R.C. Chapter 2950 to substantially comply with Crim.R. 11. *Butcher* at ¶ 11; *Henson* at ¶ 13.

{¶ 17} In the present case, the record indicates appellant subjectively understood the maximum penalty resulting from his guilty plea, including his classification as a Tier II sex offender and the accompanying registration requirements. During the plea hearing, the trial court advised appellant he would be "known as a Tier II classification for being a sex offender" and that he would be "required to report to the sheriff's office in the county in which [he chose] to live every 180 days for the next 25 years." After being advised of his Tier II classification and the resulting reporting requirements, appellant stated he "understood" the requirements and desired to enter a guilty plea to the charge of unlawful sexual conduct with a minor.

{¶ 18}  Appellant argues the trial court's advisements at the plea hearing were "incomplete" as the court failed to inform him of the "community notification" requirements stemming from his Tier II classification.  In support of this argument, appellant cites to *State v. Hines*, 6th Dist. Erie No. E-13-054, 2014-Ohio-1996.

{¶ 19}  In *Hines*, the defendant pled guilty to two counts of sexual battery and was classified as a Tier III sex offender.  Id. at ¶ 4-5.  At the plea hearing, the state informed the trial court that "no community notification [is] requested or found applicable."  Id.  The trial court was silent as to the issue of community notification at the plea and sentencing hearings and the court's sentencing entry did not address community notification.  Id.  On appeal, the defendant argued his plea was not voluntarily or knowingly entered because the court failed to inform him of the consequences of his Tier III classification, namely that such classification included community notification requirements.  Id. at ¶ 12.  The Sixth District found that the defendant's plea was not knowingly entered as the trial court "failed to mention any registration requirements that would result from the guilty plea" and did not inform the defendant of the community notification requirements stemming from his classification as a Tier III sex offender.  *Id.*

{¶ 20}  Unlike the defendant in *Hines*, appellant was classified as a Tier II sex offender.  "Tier II offenders must verify every 180 days for 25 years, R.C. 2950.07(B)(2) and 2950.06(B)(2), *but community notification is not required.*"  (Emphasis added.)  *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 25, citing R.C. 2950.11(F).  Rather, community notification is limited to Tier III sex offenders.  *Id.*  As appellant is a Tier II sex offender, and therefore not subject to community notification, the trial court did not need to discuss community notification sanctions with appellant before accepting appellant's guilty plea.

{¶ 21}  Appellant also cites *State v. Hawkins*, 2d Dist. Greene No. 2012-CA-49, 2013-

Ohio-2572, and *State v. Jackson*, 1st Dist. Hamilton No. C-110645, 2012-Ohio-3348, in support of his argument that his plea should be vacated. In *Hawkins,* a defendant entered a guilty plea after being misinformed by the trial court that his guilty plea to a sexual battery charge would result in a Tier II sex offender classification. *Hawkins* at ¶ 4-5. Because a sexual battery conviction results in a Tier III classification, the Second District determined that the defendant could not have "subjectively understood the implications of his guilty plea as to the obligations imposed by the Adam Walsh Act," and the court vacated the defendant's guilty plea. *Id.* at ¶ 13. In *Jackson*, the defendant pled guilty to gross sexual imposition without being informed by the trial court that his plea would result in a Tier I sex offender classification or that such classification has reporting requirements. *Jackson* at ¶ 1. The First District determined the defendant's guilty plea was not knowingly entered and the court vacated the defendant's plea. *Id.* at ¶ 6-9.

{¶ 22} As the present case does not involve a situation where the trial court failed to inform appellant that his guilty plea would result in his classification as a sex offender or a situation where the trial court affirmatively misinformed appellant of his sex offender classification, we find *Hawkins* and *Jackson* to be inapplicable. The record reflects that appellant was correctly informed by the trial court that his conviction for unlawful sexual conduct with a minor would result in a Tier II classification and was also correctly informed of the reporting requirements accompanying his Tier II classification. Under the facts of this case, we find that the trial court complied with the requirements of Crim.R. 11(C) and that appellant's plea was knowingly, intelligently, and voluntarily entered.

{¶ 23} Accordingly, we find no error in the trial court's denial of appellant's motion to withdraw his guilty plea. Appellant failed to establish the existence of a manifest injustice necessitating the withdrawal of his guilty plea. Appellant's sole assignment of error is overruled.

**{¶ 24}** Judgment affirmed.

PIPER, P.J., and RINGLAND, J., concur.