[Cite as *State v. Tucker*, 2012-Ohio-5067.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97981

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JVYN T. TUCKER

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-554946

**BEFORE:**    Jones, J., Blackmon, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**    November 1, 2012

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, Ohio 44067


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Holly Welsh
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant, Jvyn Tucker ("Tucker"), appeals the trial court's denial of his presentence motion to withdraw his guilty plea. For the reasons that follow, we affirm.

**{¶2}** In October 2011, Tucker was charged in an eight-count indictment. Count 1 charged him with kidnapping, Count 2 charged him with attempted murder, Counts 3 and 4 charged him with felonious assault, Counts 5 and 6 charged him with aggravated robbery, Count 7 charged him with discharge of a firearm on or near prohibited premises, and Count 8 charged him with having a weapon while under disability.[1] The charges arose out of an incident in which Tucker robbed the victim at gunpoint, while the victim waited at a bus stop. As the victim tried to run away from Tucker, Tucker shot at him, striking the victim in his leg. The victim knew Tucker because they went to school together and, therefore, the victim was able to immediately identify Tucker as the assailant.

**{¶3}** Pursuant to a plea agreement, Tucker pled guilty to felonious assault as charged in Count 3 and having a weapon while under disability as charged in Count 8. The remaining counts were nolled. The matter proceeded to sentencing in January 2012. At the hearing, Tucker made an oral motion to withdraw his guilty plea. The trial court held a hearing and subsequently denied the motion. The trial court then sentenced Tucker to a total of ten years in prison.

---

[1]Each of Counts 1-7 carried one- and three-year firearm specifications.

**{¶4}** Tucker now appeals, raising the following single assignment of error for our review, as quoted:

> I.   The trial court abused its discretion in denying [Tucker's] pre-sentence motion to withdraw his plea of guilty.

**{¶5}** Tucker argues that the trial court erred when it denied his presentence motion to withdraw his guilty pleas.   A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which provides that

> [a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶6}** Generally, a presentence motion to withdraw a guilty plea should be freely and liberally granted.   *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, a defendant does not have an absolute right to withdraw a plea prior to sentencing, and it is within the sound discretion of the trial court to determine what circumstances justify granting such a motion.   *Id.*   In ruling on a presentence motion to withdraw a plea, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for withdrawal of the plea.   *Id.* at 527.   The decision to grant or deny such a motion is within the sound discretion of the trial court.   *Id.*

**{¶7}** In *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863, paragraph three of the syllabus (8th Dist.1980), this court set forth the standard for determining whether the trial court has abused its discretion in denying a presentence motion to withdraw a plea:

A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

{¶8} Tucker contends that: (1) he was not represented by competent counsel because he was allegedly told that he would receive a three-year sentence in exchange for his guilty plea, (2) his plea was not knowingly and voluntarily made, (3) his hearing was unfair because he represented himself at the hearing, and (4) the trial court did not give him full and fair consideration of his request. A review of the record, however, demonstrates otherwise.

{¶9} In the instant case, the trial court fully complied with the *Peterseim* criteria. Tucker argues that he was not represented by competent counsel because he was allegedly told that he would receive a three-year sentence in exchange for his guilty plea. For this same reason, he argues his plea was not knowingly and voluntarily made. During the hearing on the motion to withdraw Tucker's guilty plea, the trial court noted that Tucker was represented by "one of the best attorneys in the building." The trial court further noted that no such promise was made to him and Tucker acknowledged that he was not promised anything in exchange for his plea. Additionally, defense counsel stated that he "would never promise [Tucker] any particular sentence in this courtroom." Defense counsel further stated that "[a]ll I told him was what the minimum was, and I would try to get that, and if he showed * * * that he was rehabilitating himself, * * * there was a

possibility that he could file for early release [from prison] after six months, after the three years was up for the gun[.]" Thus, the record supports the trial court's finding that he entered his plea voluntarily and knowingly.

{¶10} Furthermore, the record reflects that the trial court afforded Tucker an impartial hearing on his motion to withdraw his guilty pleas and gave full and fair consideration to his request. Thus, because all four prongs set forth in *Peterseim* were satisfied, we find that the trial court did not abuse its discretion in denying Tucker's presentence motion to withdraw his guilty pleas.

{¶11} The sole assignment of error is overruled.

{¶12} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, A.J., and

SEAN C. GALLAGHER, J., CONCUR