[Cite as *State v. Hedenberg*, 2015-Ohio-4673.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102112**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JONATHAN E. HEDENBERG**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-12-569273-B and CR-13-575797-A

**BEFORE:** Laster Mays, J., Celebrezze, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 12, 2015

-i-

**ATTORNEY FOR APPELLANT**

Michael Webster
800 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Jeffrey S. Schnatter
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Jonathan E. Hedenberg ("Hedenberg") pleaded guilty to two counts of rape, in violation of R.C. 2907.02(A)(1), a felony of the first degree; and two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree. The trial court imposed a sentence of 11 years for each count of rape and five years for each count of gross sexual imposition, to be served consecutively, totaling 32 years.

{¶2} Hedenberg assigns three errors for our review.

> I. Appellant did not make a knowing, voluntary, and intelligent plea of guilt in the lower court.
>
> II. The trial court erred in denying appellant's motion to withdraw his previously entered guilty plea.
>
> III. The trial court failed to make the statutorily-required findings necessary to impose consecutive prison sentences.

{¶3} After a review of the record, we affirm Hedenberg's convictions and overrule his first two assignments of error. On the third assignment of error, we find that the record reflects the trial court made the necessary findings; however, the court failed to incorporate those findings into the journal entries of the sentence. Consequently, although Hedenberg's third assignment of error is overruled, this case must be remanded for the limited purpose of issuing a nunc pro tunc entry to correct the omissions.

## I. Facts and Procedural Posture

{¶4} Hedenberg initially was indicted in Cuyahoga C.P. No. CR-12-569273 with three codefendants. The charges against Hedenberg consisted of three counts of rape of a child under ten years of age, with sexually violent predator specifications ("SVPs"), one count of kidnapping,

with sexual motivation specifications and an SVP, and one count of disseminating matter harmful to juveniles, with a furthermore clause that the victim was under the age of 13.

{¶5} Hedenberg was later charged in Cuyahoga C.P. No. CR-13-575797 with two counts of rape of a child under ten years of age, two counts of gross sexual imposition ("GSI"), and one count of kidnapping a child under the age of 18. All of the counts carried SVPs, and the kidnapping count carried a sexual motivation specification. The two cases pertained to two different victims.

{¶6} On the scheduled date of trial, the parties arranged plea deals in the cases for Hedenberg and his three codefendants. The state agreed in exchange for Hedenberg's guilty pleas to amend the indictment in Cuyahoga C.P. No. CR-12-569273 to one count of forcible rape and one count of GSI, with the SVPs deleted, and to dismiss the other counts. In Cuyahoga C.P. No. CR-13-575797, the state agreed to amend the indictment to one count of forcible rape with the SVPs deleted, leave the GSI as indicted, and the state would dismiss the other counts. Thus, in each case, Hedenberg would plead guilty to one first-degree felony rape, and one third-degree felony GSI. The prosecutor noted for the record that Hedenberg would be classified "as a Tier III sex offender with lifetime registration and verification every 90 days."

{¶7} In conducting the plea colloquy, the trial court asked Hedenberg if he was "able to understand this proceeding as it [was] occurring." Hedenberg answered, "Yes, your Honor." The trial court encouraged him to stop the proceeding if he did not understand, was confused, or disagreed with anyone's statement. Hedenberg agreed to do so.

{¶8} The trial court also asked if Hedenberg currently was "under the influence of drugs," and he responded that he took "Neurontin and Paxil" for "[s]ystemic Lupus. Nerve issues." The trial court stated, "Just to be clear, those are [medications] that actually help you to continue

to function with your Lupus disease, do not impair your ability to think. Is that correct?" Hedenberg answered, "Technically, no, they do not."

{¶9} The trial court carefully explained each of the constitutional rights the defendants would be waiving in entering their guilty pleas, and then explained to each defendant the maximum sentences and fines that could be imposed. The court informed Hedenberg that he also would be "classified as a Tier Three sex offender, which the court will explain to you at a later time." Hedenberg indicated that he understood. The trial court accepted Hedenberg's guilty pleas and referred him to the probation department for a presentence report.

{¶10} When the trial court called the matter for sentencing, Hedenberg stated that he "would like to withdraw [his] plea." The court asked for the basis of his request, to which Hedenberg responded, "I'm not guilty." At that, the trial court reminded him that "you said you were guilty and the Court reviewed with you all of your rights, all the things that you were afforded, and you indicated to the Court that you understood. Did you not understand?"

{¶11} Hedenberg asserted, "No, I understood, but I didn't understand what I could — what my options were." The trial court repeated that it had reviewed his options with him and again asked whether he did not understand what was said to him; this time, Hedenberg claimed, "Not completely then." In response to the question, "What didn't you understand?" — Hedenberg simply stated that he had "changed [his] mind" immediately after the plea hearing. The trial court decided his guilty pleas had been knowing and voluntary, and denied his request to withdraw them. Thereafter, the trial court imposed sentences of 11 years and 60 months in Cuyahoga C.P. No. 12-CR-569273, and 11 years and 60 months in Cuyahoga C.P. No. CR-13-575797. The court further ordered the sentences in each case to be served consecutively to the other, for a total prison term of 32 years. As a result, Hedenberg filed this timely appeal.

## II.     Guilty Plea

### A.      Standard of Review

**{¶12}** This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Lunder*, 8th Dist. Cuyahoga No. 101223, 2014-Ohio-5341, ¶ 22. Rigorous adherence to the requirements of Crim.R. 11(C)(2)(c), or strict compliance, is required for constitutional rights. However, for nonconstitutional rights, substantial compliance is sufficient. When a court deviates from the text of Crim.R. 11 for nonconstitutional rights, substantial compliance will be found when, examining the totality of the circumstances, the record indicates that "the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). An explanation of the maximum penalty is required by Crim.R. 11(C)(2)(a). This is a nonconstitutional right, so this court will look for substantial compliance. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. *State v. Pluhar*, 8th Dist. Cuyahoga No. 102012, 2015-Ohio-3344, ¶ 8.

**{¶13}** Under this standard, slight deviations are permissible, so long as the totality of the circumstances indicate that the defendant subjectively understood the implications of his plea. *State v. Phillips*, 12th Dist. Butler No. CA2008-05-126, 2009-Ohio-1448, ¶ 13, citing *Clark* at ¶ 31. With regard to a nonconstitutional right, the reviewing court must determine whether the trial court partially complied or whether it failed to comply with the rule. *Clark* at ¶ 32. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect, that is, that he would not have entered the plea. *Id.*; *Nero* at 108.

### B.      Law and Analysis

{¶14} In his first assignment of error, Hedenberg argues that the trial court improperly accepted his guilty pleas for two reasons: 1) he informed the court that he was on medication that "may have affected his thinking"; and 2) the court never fully informed him of his sexual offender responsibilities. Crim.R. 11(C)(2) requires a trial court, before accepting a guilty plea, to address the defendant personally to: 1) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty; 2) inform the defendant of and determine that the defendant understands the effect of the guilty plea, and that the court may proceed with judgment after accepting the plea; and 3) inform the defendant and determine that the defendant understands that he is waiving his rights to a jury trial, to confront the witnesses against him, to call witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial where the defendant cannot be forced to testify against himself.

{¶15} In this case, the trial court fully complied with its duty to inform Hedenberg of his constitutional rights. The record also compels the conclusion that the trial court substantially complied with the other duties imposed by Crim.R. 11(C)(2). When Hedenberg told the trial court that he was taking medication, the court wanted the specific names and the reason he required them. The court also specifically asked Hedenberg if the medications compromised his understanding of the proceedings. When Hedenberg attempted to hedge his answer, the trial judge noted that she, too, took medication for the same disease. After this, Hedenberg agreed that the medication did not affect his understanding. Under these circumstances, the trial court was not required to explore further the possible psychological effects of Hedenberg's medication for treatment of Lupus in order to determine that his guilty pleas were knowing, voluntary, and intelligent. *State v. Martin*, 8th Dist. Cuyahoga No. 66046, 1994 Ohio App. LEXIS 4569 (Oct.

6, 1994); *State v. McDowell*, 8th Dist. Cuyahoga No. 70799, 1997 Ohio App. LEXIS 113 (Jan. 16, 1997).

{¶16} Hedenberg must also show that there exists a prejudicial effect resulting from the trial judge accepting his guilty plea. The test for prejudice is "whether the plea would have otherwise been made." *Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Because the trial judge explicitly and clearly explained Hedenberg's rights and the results of his guilty plea, we cannot conclude that he would not have pleaded guilty. There is no evidence in the record that the trial judge did not comply in any way with the standards set forth in Crim.R. 11. The appellant understood the nature of his guilty plea, and the trial court did not unlawfully sentence him.

{¶17} As to Hedenberg's registration duties for his convictions, the prosecutor stated in laying out the plea agreement that Hedenberg agreed to the fact that he would be classified "as a Tier Three sex offender with lifetime registration and verification every 90 days." Hedenberg was not "misadvised" or prejudiced, and he made no inquiries of the trial court when the court subsequently indicated that the duties would be more fully detailed during the sentencing hearing. Thus, it cannot be said that the trial court's brevity on this point was a "deal breaker" and that Hedenberg did not subjectively understand the implications of his pleas. *State v. Deal*, 8th Dist. Cuyahoga No. 93969, 2010-Ohio-4490, ¶ 28; *compare State v. Henson*, 12th Dist. Butler No. CA2013-12-221, 2014-Ohio-3994, ¶ 14. For the foregoing reasons, Hedenberg's first assignment of error is overruled.

### III.   Motion to Withdraw Guilty Plea

### A.   Standard of Review

**{¶18}** A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a presentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). A defendant, however, does not have an absolute right to withdraw a plea prior to sentencing, and it is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. *Id.*

**{¶19}** The decision to grant or deny a Crim.R. 32.1 motion is committed to the sound discretion of the trial court. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. We will not reverse a trial court's decision absent an abuse of discretion. *Id.*, citing *Xie* at 584. A trial court abuses its discretion when its judgment is unreasonable, arbitrary, or unconscionable. *State v. Armstrong*, 8th Dist. Cuyahoga No. 101961, 2015-Ohio-3343, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**B.      Law and Analysis**

**{¶20}** Hedenberg argues in his second assignment of error that the trial court improperly denied his pro se presentence motion to withdraw his guilty pleas. In ruling on a presentence motion to withdraw a plea, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for withdrawal of the plea. *Id.* at 527. This court has held that,

> A trial court does not abuse its discretion in overruling a motion to withdraw:
> (1) where the accused is represented by highly competent counsel, (2) where the
> accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the

plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. *State v. Tucker*, 8th Dist. Cuyahoga No. 97981, 2012-Ohio-5067, ¶ 7, quoting *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

**{¶21}** The record demonstrates all of the above conditions were met. In the underlying proceedings, 1) Hedenberg had competent counsel who, in the face of the numerous and serious crimes alleged against his client, arranged for him an advantageous plea agreement, 2) the trial court substantially complied with its duties under Crim.R. 11(C)(2) before accepting Hedenberg's guilty pleas, 3) the trial court conducted a complete and impartial hearing on his motion, and 4) the trial court gave full and fair consideration to his motion. The best explanation Hedenberg offered for presenting his motion was that he "changed his mind." The trial court acted well within its discretion to reject this as a legitimate basis upon which to grant Hedenberg's motion. *State v. Sandridge*, 8th Dist. Cuyahoga No. 101653, 2015-Ohio-1541, ¶ 30; *State v. Hurst*, 8th Dist. No. 89297, 2007-Ohio-6326, ¶ 8. His second assignment of error, accordingly, is overruled.

## IV. Consecutive Sentences

### A. Standard of Review

**{¶22}** Under R.C. 2953.08(G)(2), an appellate court "may increase, reduce, or otherwise modify a sentence * * * or may vacate that sentence and remand the matter to the sentencing court for resentencing. * * * The appellate court may take any action authorized by this division if it clearly and convincingly finds * * * [t]hat the sentence is otherwise contrary to law." *State v. Deal*, 8th Dist. Cuyahoga No. 88669, 2007-Ohio-5943, ¶ 56.

### B. Law and Analysis

**{¶23}** In his third assignment of error, Hedenberg argues that the trial court failed to actually make the findings required by R.C. 2929.14(C)(4) for the imposition of consecutive sentences. R.C. 2929.14(C)(4) states,

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶24}** The trial court stated in pertinent part the following at the sentencing hearing:

> THE COURT: Mr. Jonathan Hedenberg, the sentence of the Court on the charge of rape is * * * 11 years at the Lorain Correctional Institution. On the charge of gross sexual imposition, the sentence of the Court is * * * 60 months at the Lorain Correctional Institution. Those sentences will be consecutive.
>
> [Codefendant] Mr. Charles Hedenberg, the sentence of the Court on the charge of rape will be * * * 11 years at the Lorain Correctional Institution. On the charge of gross sexual imposition, the sentence of the Court is * * * 60 months at the Lorain Correctional Institution. Those sentences will be consecutive.
>
> The Court makes the following findings with reference to its consecutive sentences: The Court finds that these sentences are necessary to protect the public from future crime. The Court believes that consecutive sentences are necessary to punish the offender. The Court further finds that consecutive sentences are

not disproportionate to the seriousness of the offender's conduct. The Court further finds that consecutive sentences are not disproportionate to the danger the offender poses to the public, and the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

* * *

THE COURT: [As to Cuyahoga C.P. No. CR-13-575797,] Rape, a felony of the first degree, the sentence of the Court is 11 years at the Lorain Correctional Institution. For the charge of gross sexual imposition, the sentence of the Court is * * * 60 months at the Lorain Correctional Institution.

Again, the Court reiterates the language that it just said with reference to consecutive sentences — unless you [Defense Counsel] believe I should do it again * * *.

**{¶25}** Hedenberg's defense counsel demurred and agreed when the trial court asked if he "waive[d] any defects" in the sentencing findings. Hedenberg now asserts in this assignment of error that the trial court's finding that he had a "history of criminal conduct" is unsupported in the record. However, the trial court was mindful that it was pronouncing sentence in two separate cases for crimes against two different victims. *State v. Orr*, 8th Dist. Cuyahoga No. 101582, 2015-Ohio-1738, ¶ 12. Under these circumstances, the trial court could accurately mention Hedenberg's criminal "history" as a justification for consecutive terms. *State v. Nordstrom*, 8th Dist. Cuyahoga No. 101657, 2015-Ohio-1454, ¶ 14-16.

**{¶26}** Hedenberg's third assignment of error, accordingly, is overruled, but this court notes that the trial court failed to incorporate its consecutive sentence findings in its journal entry. In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29, the Ohio Supreme Court held that a trial court must not only make the findings at the sentencing hearing, it must also incorporate its statutory findings for consecutive sentences into the sentencing entry. The Supreme Court determined, however, that "[a] trial court's inadvertent failure to incorporate

the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law[.]" *Id.* Rather, "such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.*

{¶27} In light of *Bonnell*, this matter is remanded to the trial court for the limited purpose of issuing a new sentencing journal entry, nunc pro tunc, to incorporate its consecutive sentence findings.

{¶28} Judgment affirmed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
TIM McCORMACK, J., CONCUR