[Cite as *State v. Doty*, 2019-Ohio-917.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                           :

    Appellee,                           :            CASE NO. CA2018-07-055

                              :            O P I N I O N
  - vs -                                                   3/18/2019
                              :

IAN M. DOTY,                             :

    Appellant.                          :

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2018CRB02779(A)

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

Denise S. Barone, 385 North Street, Batavia, Ohio 45103, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, Ian M. Doty, appeals from his conviction and total aggregate 90-day jail sentence he received in the Clermont County Municipal Court after he pled guilty to three counts of menacing, all fourth-degree misdemeanors. For the reasons outlined below, we affirm Doty's conviction and 90-day jail sentence.

**Facts and Procedural History**

{¶ 2} On June 15, 2018, a detective with the Union Township Police Department filed three complaints charging Doty with three separate counts of menacing, all fourth-degree misdemeanors. According to the supporting affidavits, the charges arose after Doty "approached three separate females at different times and locations and attempted to lure them to his vehicle under a ruse that he was conducting a survey." Specifically, the affidavits alleged the following as it relates to each of the three victims:

### Victim 1

Victim #1 refused to participate while in the lot of a Sears and was then followed by the defendant while he began telling her that she was beautiful, causing the victim to fear for her safety.

### Victim 2

Victim #2 was approached by the defendant and asked to do a survey in the lot of Kohls. Victim told the defendant no and was then followed by the defendant through the lot causing the victim to fear for her safety.

### Victim 3

Victim #3 was approached by the defendant in the lot of Jungle Jim's and was requested to do a survey. Victim agreed and approached the defendant's vehicle. Defendant began to ask sexually motivated questions causing the victim to become fearful of her safety and walked away. Defendant began to get victim #3 to return to the vehicle.

{¶ 3} The affidavits indicate Doty was then arrested and interviewed by officers from the Union Township Police Department. During this interview, Doty admitted "to having sexual urges and found the victims to be attractive." The affidavits conclude by noting that "Defendant is a sexual predator and advised that the events were sexually motivated. Def. had history of menacing, stalking and sex offenses."

{¶ 4} On June 18, 2018, Doty appeared at his arraignment hearing and notified the magistrate presiding over the hearing that he wanted to then plead guilty to all three charges. Prior to entering his guilty plea, the record indicates the magistrate engaged Doty

- 2 -

in the necessary Crim.R. 11(E) plea colloquy.[1]

{¶ 5} The record also indicates the magistrate asked Doty if he had discussed the matter "thoroughly" with his trial counsel. Doty responded, "Yes, ma'am." The magistrate further asked Doty if his trial counsel "talked to you about what your options are and he's given you his advice and you want to enter pleas of guilty to each one of those?" Doty responded, "Yes, ma'am, with mitigating factors." The magistrate thereafter accepted Doty's guilty plea to all three charges upon finding it was knowingly, intelligently, and voluntarily entered.

{¶ 6} Without any objection from Doty or his trial counsel, the matter then immediately proceeded to sentencing. In mitigation, Doty's trial counsel requested the magistrate impose a "reasonable sentence" since Doty had other unrelated matters then pending in a neighboring jurisdiction. The state, however, requested Doty be sentenced to the maximum total aggregate 90-day jail term. The 90-day jail sentence requested by the state consisted of three consecutive 30-day sentences on each of the three charged offenses.

{¶ 7} In support of its sentencing recommendation, the state noted Doty's criminal history. This included Doty's two prior convictions for menacing, as well as convictions for aggravated menacing, disorderly conduct, and burglary. The state also noted that Doty was a registered sex offender who "had a couple of failure to notify charges[.]" Concluding,

---

1. Pursuant to Crim.R. 11(E), "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." As defined by Crim.R. 2(D), a "petty offense" means "a misdemeanor other than a serious offense." Crim.R. 2(C) defines a "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." A fourth-degree misdemeanor, such as menacing, carries a maximum definite jail term of "not more than thirty days." R.C. 2929.24(A)(4). Therefore, as noted by the Ohio Supreme Court, "[i]n accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 20. The record in this case is clear that the magistrate complied with both Crim.R. 11(E) and the Ohio Supreme Court's decision in *Jones* prior to accepting Doty's guilty plea.

the state noted that it was "very concerned about [Doty's] ability to behave in the community and we are just asking for the maximum penalty[.]"

{¶ 8} After hearing from the state, Doty exercised his right to allocution. This included Doty and the magistrate having the following exchange:

> THE COURT: Now, Mr. Doty, what would you like to say with respect to sentence?
>
> MR. DOTY: What I'd like to say is a few things. Actually pretty much what they're saying is correct, that the Union Township put a GPS on my vehicle so there's no disputing that I came back trying to, you know, anything of that nature, so it's menacing, it ain't mentioned by stalking, none of that. When they told me they was cool that I didn't stalk them, I didn't try to follow them or anything like that.
>
> * * *
>
> THE COURT: So you're saying you didn't continue to go back and stalk them?
>
> MR. DOTY: That's correct, no, that's why it's menacing.
>
> THE COURT: Well, you weren't charged with stalking.
>
> MR. DOTY: Right, and that's why I'm trying to explain, trying to say. I've got an APA hold on me, they can give me up to nine months, they're probably going to give me most of that, so that's why I told the public defender today to try to squash it and get this over with so I can get on with the adult parole and do what I've got to do, so I'll just request that, it's a reasonable sentence.

{¶ 9} Following this exchange, the magistrate noted that it had considered the principles and purposes of sentencing and the statements that were presented in mitigation and in allocution. The magistrate also noted that it had considered Doty's criminal history and the fact that he was on postrelease control. The magistrate then sentenced Doty to serve a total aggregate 90-day jail term. The 90-day jail sentence consisted of three consecutive 30-day sentences on each of the three charged offenses. The trial court affirmed and adopted the magistrate's decision later that same day.

**Appeal**

{¶ 10} Doty now appeals from his conviction and total aggregate 90-day jail sentence, raising two assignments of error for review.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FAILING TO ORDER THE PREPARATION OF A PRE-SENTENCE INVESTIGATION.

{¶ 13} In his first assignment of error, Doty argues the trial court erred by failing to order a presentence-investigative report ("PSI") prior to issuing its sentencing decision. Doty, however, never requested the trial court to order a PSI after he entered his guilty plea. Rather, as the record indicates, Doty instead requested the matter immediately proceed with sentencing to "get this over with so I can get on with the adult parole and do what I've got to do[.]"  We fail to see how the trial court erred by failing to order a PSI when Doty himself requested the magistrate to immediately proceed with sentencing.

{¶ 14} In so holding, we note that it is well-established that "in a misdemeanor case, a presentence investigation report is not mandatory."  *State v. Posey*, 6th Dist. Ottawa No. OT-10-044, 2012-Ohio-2229, ¶ 3.  The trial court is only required to order a PSI "in felony cases * * * before imposing community control sanctions or granting probation."  Crim.R. 32.2.  Not only is this not a felony case, the trial court did not impose community control sanctions or place Doty on probation.  The trial court instead sentenced Doty to serve a 90-day jail term consisting of three consecutive 30-day sentences on each of the three charged offenses.  Doty's claim the trial court erred by failing to order a PSI prior to issuing its sentencing decision lacks merit.

{¶ 15} Doty also argues he received ineffective assistance of counsel since his trial counsel failed to make "more of an effort to discourage his client from simply pleading out"

and for not "set[ting] the matter for trial, because it is not at all certain that the alleged victims would have appeared in court." Although we presume unintentionally, Doty is essentially arguing that his trial counsel was ineffective for not engaging in conduct that could, under certain circumstances, constitute a violation of Rule 1.2(a) of the Rules of Professional Conduct. Pursuant to that rule, "[i]n a criminal case, the lawyer shall abide by the client's decision as to a plea to be entered, whether to waive a jury trial, and whether the client will testify."

{¶ 16} This is confirmed by a recent decision from the United States Supreme Court. As the Supreme Court stated:

> Trial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence. Some decisions, however, are reserved for the client – notably, whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal.

(Internal citations and quotation marks omitted.) *McCoy v. Louisiana*, __ U.S. __, 138 S.Ct. 1500, 1508 (2018).

{¶ 17} As this court has repeatedly stated, trial counsel's advice to take a plea deal is not ineffective assistance of counsel. *State v. Pringle*, 12th Dist. Brown No. CA2015-08-023, 2016-Ohio-1149, ¶ 11; *State v. Sturgill*, 12th Dist. Clermont No. CA2014-09-066, 2015-Ohio-1933, ¶ 20; *State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, ¶ 23. When considering trial counsel is not ineffective for advising a defendant to *accept* a plea deal, the opposite must also be true. That is a defendant's trial counsel's advice to *reject* a plea deal in a criminal case is also not ineffective assistance of counsel. Rather than mandating a defendant to accept or reject a plea agreement, "[t]he attorney is there to give informed advice, to relate worse case scenarios to his [or her] client, and to make a recommendation regardless of whether it makes the client upset." *State v. Shugart*, 7th Dist. Mahoning No.

08 MA 238, 2009-Ohio-6807, ¶ 37.  Doty's trial counsel did just that.

{¶ 18} Upon learning Doty wished to enter a plea of guilty to all three charges at the arraignment hearing, the magistrate specifically asked Doty if he had discussed the matter "thoroughly" with his trial counsel.  Doty responded, "Yes, ma'am."  The magistrate then asked Doty if his trial counsel "talked to you about what your options are and he's given you his advice and you want to enter pleas of guilty to each one of those?"  Doty responded, "Yes, ma'am, with mitigating factors."

{¶ 19} The record is clear that Doty's trial counsel did just what Doty ultimately decided to do; plead guilty to all three charges at the arraignment hearing and immediately proceed to sentencing to "get this over with so I can get on with the adult parole and do what I've got to do[.]"  Doty made this decision after discussing the matter "thoroughly" with his trial counsel and considering the available options on how to proceed.

{¶ 20} Nothing about Doty's trial counsel's performance indicates Doty was provided with anything other than sound advice in light of the overwhelming evidence against him.  This includes, as noted above, Doty's own statements to officers with the Union Township Police Department admitting to the allegations and "to having sexual urges and found the victims to be attractive."  Doty's claim that he received ineffective assistance of counsel lacks merit.

{¶ 21} In light of the foregoing, and as discussed more fully above, Doty's claim the trial court erred by failing to order a PSI prior to issuing its sentencing decision lacks merit.  The same is true regarding Doty's claim that he received ineffective assistance of counsel.  The overwhelming evidence supports Doty's decision to plead guilty at the arraignment hearing.  The decision to plead guilty – whether at the arraignment hearing or thereafter – was Doty's and Doty's alone to make.  Therefore, finding no merit to any of the arguments raised herein, Doty's first assignment of error is overruled.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT ERRED IN IMPOSING A FULL SENTENCE OF THIRTY DAYS.

{¶ 24} In his second assignment of error, Doty argues the trial court erred by sentencing him to serve a total aggregate 90-day jail term. In support, Doty argues the trial court's sentencing decision was not supported by the record. Doty also argues the trial court's sentencing decision was excessive. Doty, however, did not cite to any authority, statutes, or parts of the record to support his claim. *See* App.R. 16(A)(7) (appellant must include in its brief "citations to the authorities, statutes, and parts of the record on which appellant relies").

{¶ 25} As this court has stated previously, "[a]n appellate court is not a performing bear, required to dance to each and every tune played on appeal." *State v. Gulley*, 12th Dist. Clermont No. CA2005-07-066, 2006-Ohio-2023, ¶ 28. It is also not this court's duty to search the record for evidence to support an appellant's arguments as to any alleged error on appeal. *State v. Watson*, 126 Ohio App.3d 316, 321 (12th Dist.1998). We find this particularly true here considering the following constitutes Doty's entire argument challenging the trial court's sentencing decision:

> *First Issue Presented for Review and Argument*
> *It was an abuse of discretion for the Magistrate to sentence Ian*
> *M. Doty to the full sentence available.*
>
> The evidence was insufficient to support the Appellant's thirty-
> day sentence. The Appellant's sentence was excessive.

{¶ 26} But, despite Doty's failings to adequately argue his position, minimal effort proves the trial court's sentencing decision was proper in this case.

{¶ 27} When determining what sentence is appropriate for each given misdemeanor case, the trial court must be guided by the purposes of misdemeanor sentencing; namely,

"to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). The trial court must also consider the factors listed in R.C. 2929.22(B)(1), including the nature and circumstances of the offense. The trial court may further consider any other factors that are relevant to achieving the purposes and principles of misdemeanor sentencing. R.C. 2929.22(B)(2).

{¶ 28} After a simple review of the record, it is clear that the trial court considered all the necessary sentencing statutes and relevant sentencing factors prior to issuing its sentencing decision. This includes, as the trial court stated, taking into consideration Doty's criminal history and the fact that he was on postrelease control. Therefore, finding no error in the trial court's decision to sentence Doty to a total aggregate 90-day jail term, Doty's second assignment of error lacks merit and is overruled.

### Conclusion

{¶ 29} The trial court did not err in accepting Doty's guilty plea to three counts of menacing. The trial court also did not err by sentencing Doty to serve a total aggregate 90-day jail term. Therefore, finding nor error in the trial court's decision to accept Doty's guilty plea and sentence him to serve a total aggregate 90-day jail term, Doty's conviction and 90-day jail sentence is affirmed.

{¶ 30} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.