[Cite as *State v. Downing*, 2019-Ohio-4831.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-05-038 |
| | : | O P I N I O N |
| - vs - | | 11/25/2019 |
| | : | |
| JEREMY DOWNING, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2018-CR-0498


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

Denise S. Barone, 385 North Street, Batavia, Ohio 45103, for appellant



**RINGLAND, J.**

{¶ 1} Appellant, Jeremy Downing, appeals the sentence imposed by the Clermont County Court of Common Pleas. For the reasons detailed below, we affirm.

{¶ 2} Downing was indicted for attempted murder, felonious assault, aggravated robbery, aggravated burglary, and kidnapping. As part of a plea agreement, Downing pled guilty to aggravated burglary, aggravated robbery, and one count of kidnapping. The state

then dismissed the charges for attempted murder, felonious assault, and the remaining kidnapping count. The plea agreement also included the removal of the violent offender specifications in the indictment and the parties jointly recommended an agreed 15-year prison sentence.

{¶ 3} The trial court accepted Downing's plea and adopted the agreed sentence of 15 years. Specifically, Downing was sentenced to seven years for aggravated robbery, concurrent to seven years for aggravated burglary, and a consecutive eight years for kidnapping. Downing now appeals, raising a single assignment of error for review:

{¶ 4} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN SENTENCING HIM TO SERVE A FIFTEEN-YEAR TERM.

{¶ 5} In his sole assignment of error, Downing argues that his 15-year sentence was excessive. We find no merit to Downing's argument.

{¶ 6} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. However, in challenging his sentence, Downing fails to comprehend that he was sentenced pursuant to an agreed sentence. During the plea hearing, the following exchange took place:

> THE COURT: * * * So Mr. Downing is going to plead guilty to Count III, aggravated robbery; Count IV, aggravated burglary; Count VI, kidnapping. These all carry presumptions of prison. And the State is making a recommendation on sentence, and it's an agreed sentence.
>
> Is that your understanding, [Downing's trial counsel]?
>
> [COUNSEL]: Yes.
>
> THE COURT: Mr. Downing, is that your understanding?
>
> THE DEFENDANT: Yes.

- 2 -

In fact, the reviewability of the agreed sentence was specifically addressed during the plea hearing:

> THE COURT: * * * And you understand, Mr. Downing, if the Court accepts the recommendations and imposes that recommendation that you have no right to appeal later on if you have a change of heart? That's what an agreed sentence is; you understand that?
>
> THE DEFENDANT: Yes.

{¶ 7} R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." In other words, a sentence that is "contrary to law" is generally appealable as provided in R.C. 2953.08(A); however, an agreed-upon sentence may not be appealable pursuant to R.C. 2953.08(D) if "(1) both, the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 16. If all three conditions are satisfied, the defendant's sentence is not reviewable. *Id.*; *State v. Wardlow*, 12th Dist. Butler No. CA2014-01-011, 2014-Ohio-5740, ¶ 10.

{¶ 8} In this case, Downing and the state agreed to the sentence imposed by the trial court and the sentence is authorized by law. Downing was sentenced to seven years for aggravated robbery, seven years concurrent for aggravated burglary, and eight years consecutive for kidnapping. Those offenses are first-degree felonies, carrying possible punishments of three to eleven years. R.C. 2929.14 (A)(1)(b). Thus, Downing's sentence is within the permissible sentencing range. We also note that Downing agreed that the offenses did not merge, and the trial court made the relevant consecutive sentence findings under R.C. 2929.14(C)(4). As a result, we find that all three conditions as set forth in

*Underwood* are satisfied, and Downing's 15-year agreed sentence is not reviewable.

{¶ 9} Finally, Downing summarily argues that he received ineffective assistance of counsel. However, it is not this court's duty to search the record for evidence to support an appellant's argument as to any alleged error on appeal. *State v. Doty,* 12th Dist. Clermont No. CA2018-07-055, 2019-Ohio-917, ¶ 25. We find this particularly true here considering Downing has completely failed to point to any deficiencies in his trial counsel's performance. Moreover, when dealing with a guilty plea, in order to establish prejudice, Downing must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *State v. Tringelof*, 12th Dist. Clermont Nos. CA2017-03-015 and CA2017-03-016, 2017-Ohio-7657, ¶ 16. Downing points to nothing in the record to support his ineffective assistance of counsel claim. As a result, we overrule Downing's sole assignment of error.

{¶ 10} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.