[Cite as *State v. Powers*, 2021-Ohio-4357.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-06-026 |
| - vs - | : | O P I N I O N<br>12/13/2021 |
| | : | |
| RAYMOND POWERS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2021 CRB 01282

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

Denise S. Barone, for appellant.

**HENDRICKSON, J.**

{¶1}   Appellant, Raymond Powers, appeals from his conviction and sentence in the Clermont County Municipal Court for assault.  For the reasons set forth below, we affirm his conviction and sentence.

{¶2}   Father Michael Paraniuk, a priest with the Archdiocese of Cincinnati, owned a trailer in Greenbriar Estates in Clermont County, Ohio.  Father Paraniuk permitted

appellant, who was homeless, to stay at his trailer. On the evening of April 10, 2021, Father Paraniuk also stayed at the trailer. Appellant approached Father Paraniuk on this date and stated that "spirits from another dimension" told him that Father Paraniuk had cheated on his taxes and that Father Paraniuk had appellant's government stimulus money. Father Paraniuk believed appellant was hallucinating after using crystal methamphetamine. Father Paraniuk walked away from appellant and avoided him for the rest of the night.

{¶3} Around midnight, Father Paraniuk, who had been sleeping, woke up to appellant hovering over his bed, foaming at the mouth, and shouting at him to "tell me you stole my money. Tell me you have my money. Admit that you have my money." Appellant began to hit Father Paraniuk's head and chest with closed fists. When Father Paraniuk attempted to defend himself by putting up one of his arms to block the blows, appellant bit one of Father Paraniuk's fingers and laughingly told Father Paraniuk, "I've just given you hepatitis C." Appellant continued to strike Father Paraniuk and eventually shoved one of his fingers down Father Paraniuk's throat. Father Paraniuk bit appellant's finger in order to get appellant to stop his attack. Father Paraniuk then tried to leave the trailer, but appellant grabbed him and threw him across the room. Father Paraniuk told appellant he was injured and needed to go to the hospital, but appellant refused to allow Father Paraniuk to leave. Appellant also took Father Paraniuk's cell phone to prevent him from calling for help. After approximately 20 minutes, appellant returned Father Paraniuk's phone and allowed him to leave the residence. Father Paraniuk called the police to report the assault.

{¶4} Clermont County Sheriff's Deputy Christopher Shouse responded to the scene. He met Father Paraniuk outside the trailer. The deputy observed injuries to Father Paraniuk's face, noting that the priest's neck and face were red and there were scratches on his face that were bleeding. After speaking with Father Paraniuk about what had occurred, the deputy spoke with appellant. Appellant informed the deputy that he woke up

Father Paraniuk to confront the priest about not receiving his tax return. Appellant admitted he struck Father Paraniuk in the face and shoved his fingers in the priest's mouth. After Father Paraniuk bit him, appellant continued to strike the priest. Deputy Shouse recalled appellant mentioning that he told Father Paraniuk that he was positive for hepatitis C, but the deputy could not recall the exact wording of appellant's comments.

{¶5} As a result of the incident, appellant was charged by complaint with one count of assault, a misdemeanor of the first degree. Appellant pled not guilty to the charges and a bench trial was held on May 4, 2021. After hearing testimony from Father Paraniuk and Deputy Shouse, the trial court found appellant guilty as charged. The court sentenced appellant to 175 days in jail, with credit for 25 days of time served.

{¶6} Appellant appealed, raising two assignments of error for review. We begin by addressing appellant's second assignment of error.

{¶7} Assignment of Error No. 2:

{¶8} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY FAILING TO RECOGNIZE THAT HIS COMPETENCY TO STAND TRIAL AND TO OTHERWISE ASSIST IN HIS DEFENSE WAS IMPAIRED.

{¶9} Within his second assignment of error, appellant raises two arguments. He first argues that the trial court erred by failing to sua sponte conduct a competency hearing or order a psychological assessment of appellant. He further contends that he received ineffective representation by defense counsel as counsel failed to file a suggestion of incompetency with the trial court. We begin by addressing appellant's arguments as they relate to the trial court's failure to conduct a competency hearing or order a psychological assessment.

**Trial Court's Alleged Failures**

{¶10} Fundamental principles of due process require that a criminal defendant who

- 3 -

is legally incompetent shall not be tried and convicted. *State v. Braden*, 98 Ohio St.3d 354, 2003-Ohio-1325, ¶ 114; *State v. Berry*, 72 Ohio St.3d 354, 359 (1995). A defendant is presumed to be competent unless it is demonstrated by a preponderance of the evidence that he is incapable of understanding the nature and objective of the proceedings against him or of assisting in his defense. R.C. 2945.37(G). "Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *State v. Bock*, 28 Ohio St.3d 108, 110 (1986). The burden of rebutting the presumption and establishing incompetence by a preponderance of the evidence is upon the defendant. *State v. Lampley*, 12th Dist. Butler No. CA2011-03-046, 2011-Ohio-6349, ¶ 10.

{¶11} R.C. 2945.37(B) provides that

> In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue * * *. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

{¶12} "A trial court must hold a competency hearing if a request is made before trial, R.C. 2945.37(B), or if the record contains sufficient indicia of incompetence that an inquiry is necessary to ensure that the defendant is accorded his rights to due process and a fair trial." *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, ¶ 55. "'[A]bsent a request by counsel, or any indicia of incompetence, a competency evaluation is not required.'" *Lampley* at ¶ 12, quoting *State v. Cowans*, 87 Ohio St.3d 68, 81 (1999).

{¶13} Upon a thorough review of the record, we find that the trial court did not err when it did not sua sponte raise the issue of appellant's competency to stand trial, order a psychological evaluation, or conduct a competency hearing. The issue of appellant's

competency to stand trial was never raised by appellant, his counsel, or the state in any of the proceedings below and there was no indicia of incompetency in the record.

{¶14}  Appellant's interactions with the trial court demonstrate that he understood the nature and objective of the proceedings against him and that he was capable of assisting in his own defense.  At a combined arraignment and hearing on Father Paraniuk's request for a protection order, the trial court explained to appellant the first-degree misdemeanor assault charge he faced as well as his right to counsel, right to remain silent, and right to a jury trial upon demand.  Appellant indicated he understood the nature of the charge and his rights.  Father Paraniuk was then permitted to testify as to the events that occurred on April 9, 2021, which in addition to serving as the basis for the protection order, also led to the assault charge.  Appellant was therefore presented with the underlying facts supporting the charge against him.

{¶15}  Additionally, on April 20, 2021, appellant appeared before the court to enter a plea of guilty.  However, upon questioning from the court about whether he wished to enter the plea, appellant stated, "I don't really agree with the charge and I don't really agree with the prosecutor.  I just don't agree with it at all."  The court then advised appellant as follows:

> THE COURT:  So, Mr. Powers, you know you're presumed innocent until the state removes that presumption by proving beyond a reasonable doubt that you committed the offense for which you are charged.  And they have the burden of establishing proof of every element of assault beyond a reasonable doubt.  By entering into a plea of guilty to assault you would be relieving them of their burden to prove the case. You would be getting it looks like consideration for that in that they wouldn't be asking for you to go to jail, instead they would be asking for you to have an opportunity at treatment.  But you know, I'm not going to accept a guilty plea from you on assault if you are telling the Court that you do not believe that you committed the crime of assault.  You either have to tell me that you are guilty of assault, if you do I will accept the plea and I will move forward with everything.  I'll get an evaluation for CASC and will consider whether I want to place you in that program if you're eligible.  If you tell me you believe you are not guilty of

the crime of assault then I will allow you to exercise your right to a trial and I will set the case for trial. I have no, it doesn't matter one way or the other to me, sir. I'm here to, you know, I'm here to protect your rights. If you want to exercise your rights it doesn't affect me in any way. What do you want to do?

Appellant clearly understood his options and rights and stated, "No, I don't believe I'm guilty of assault, no," and the matter was continued for a bench trial.

{¶16} Appellant has not set forth any evidence indicating he failed to appreciate the nature of the charge he faced or that he was unable to assist in his defense. To the extent that he suggests his drug addiction and any attendant psychosis related to his use of drugs on the night of the incident are evidence of incompetence, we find his argument to be without merit. *See State v. Bock*, 28 Ohio St.3d at 110 (finding that a defendant's hospitalization for drug-related problems, his emotional distress, and the fact that he made suicidal comments were not sufficient to demonstrate incompetence to stand trial). The fact that appellant had a history of drug abuse did not render him incompetent to stand trial or otherwise create sufficient indicia of incompetence to require a competency hearing or a psychological evaluation.

**Ineffective Assistance of Counsel**

{¶17} Appellant also claims that his trial counsel was ineffective for failing to file a suggestion of incompetency, thereby allowing appellant to be "unfairly subjected * * * to the purview of the court * * * and to be railroaded at [trial]."

{¶18} To prevail on his ineffective assistance of counsel, appellant must show that his trial counsel's performance was deficient, and that he was prejudiced as a result. *State v. Petit*, 12th Dist. Madison No. CA2016-01-005, 2017-Ohio-633, ¶ 39; *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Id.* at 688. To show prejudice, appellant must establish that, but for his trial counsel's errors,

- 6 -

there is a reasonable probability that the result of the outcome would have been different. *Id.* at 694. The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Petit* at ¶ 39.

{¶19} We find that appellant cannot demonstrate he received deficient representation. Defense counsel appeared to have no reasoned basis to conclude appellant was incompetent to stand trial and counsel is not ineffective for not raising a futile issue. *See State v. Tibbetts*, 92 Ohio St.3d 146, 163-164 (2001) (finding that "[t]rial counsel appeared to have no reasoned basis to conclude that [the defendant] was incompetent to stand trial" even though the defendant "voluntarily sought psychiatric treatment [and] took psychotropic medication"). As discussed above, nothing about the way appellant conducted himself in preliminary hearings or at trial suggested a lack of legal competency. Defense counsel therefore did not provide ineffective representation in not filing a suggestion of incompetency.

{¶20} Appellant's arguments are without merit and his second assignment of error is overruled.

{¶21} Assignment of Error No. 1:

{¶22} THE TRIAL COURT ERRED TO THE PREJUDICE OF RAYMOND POWERS BY ISSUING A SENTENCE OF ONE-HUNDRED-AND-SEVENTY-FIVE DAYS.

{¶23} Appellant's first assignment of error consists of a three-sentence paragraph in which he contends the trial court committed plain error in sentencing him without ordering a presentence investigation report ("PSI") and erred by sentencing him to 175 days in jail. The state contends appellant's assignment of error should be overruled as he failed to comply with the requirements of App.R. 16(A)(7). Alternatively, the state argues appellant's arguments are without merit as the 175-day jail sentence was supported by the record and the court was not required to order a PSI pursuant to Crim.R. 32.2.

{¶24} App.R. 16(A)(7) requires an appellant's brief to contain "the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Thus, an appellant must indicate to the appellate court specifically where the alleged errors may be located in the record. *State v. Gulley*, 12th Dist. Clermont No. CA2005-07-066, 2006-Ohio-2023, ¶ 28. This court may disregard an assignment of error if a party fails to identify in the record the error on which the assignment of error is based as required by App.R. 16(A). *Id.*; App.R. 12(A)(2). "It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." *State v. Watson*, 126 Ohio App.3d 316, 321 (12th Dist.1998). An appellate court is not a performing bear, required to dance to each and every tune played on an appeal. *Gulley* at ¶ 28.

{¶25} As appellant did not cite anything in the record or provide any legal authority to support his challenge to his sentence, we disregard his assignment of error for lack of briefing. *See* App.R. 12(A)(2); *State v. Reeves*, 12th Dist. Clermont No. CA2020-01-001, 2020-Ohio-5565, ¶ 21; *State v. Bell*, 12th Dist. Clermont No. CA2008-05-044, 2009-Ohio-2335, ¶ 32. The assignment of error is, therefore, overruled.[1]

---

1. {¶a} Even if we were to consider appellant's arguments challenging his sentence, his arguments fail. "'[I]n a misdemeanor case, a presentence investigation report is not mandatory'" *State v. Doty*, 12th Dist. Clermont No. CA2018-07-055, 2019-Ohio-917, ¶ 14, quoting *State v. Posey*, 6th Dist. Ottawa No. OT-10-044, 2012-Ohio-2229, ¶ 3. The trial court is only required to order a PSI "[i]n felony cases * * * before imposing community control sanctions or granting probation." Crim.R. 32.2. Not only is this not a felony case, but the trial court also did not impose community control sanctions on appellant. Rather, the court sentenced appellant to a 175-day jail term. Appellant's claim that the trial court committed plain error by failing to order a PSI prior to issuing its sentence is, therefore, without merit.

{¶b} Additionally, the trial court did not abuse its discretion in imposing a 175-day jail sentence on appellant's first-degree misdemeanor assault conviction. *See e.g., State v. Fluhart*, 12th Dist. Clermont No. CA2020-12-068, 2021-Ohio-3560, ¶ 38-47. The sentence falls within the statutory limits for a first-degree misdemeanor offense; *see* R.C. 2929.24(A)(1); and the sentence is supported by the record. As the trial court noted, the present offense was serious as appellant struck the elderly victim multiple times, terrified the victim by claiming to have exposed the victim to hepatitis C, and refused to allow the victim to leave after committing the assault.

{¶26} Judgment affirmed.

S. POWELL, P.J., and BYRNE, J., concur.