[Cite as *State v. Finlaw*, 2025-Ohio-5290.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2025-T-0030** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JAMES FINLAW, | |
| Defendant-Appellant. | Trial Court No. 2021 CR 00087 |

## OPINION AND JUDGMENT ENTRY

Decided: November 24, 2025
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Kendra N. Davitt* and *Louis E. Grube*, Flowers & Grube, Terminal Tower, 40th Floor, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, James Finlaw, appeals the judgment of the Trumbull County Court of Common Pleas, convicting him of one count of felony-five escape. Mr. Finlaw does not challenge the conviction directly; instead, he takes issue with the trial court's determination that he failed to demonstrate he was incompetent to stand trial. We affirm the trial court's judgment.

{¶2} Mr. Finlaw, in his appellate brief, acknowledges he was charged with "some level of OVI" offenses in Ohio in 1996, 1998, 2000, 2001, 2004, and 2010. He also

recognizes he was arrested for various other crimes during these years and his criminal record "spans other states as well." Mr. Finlaw recognizes he "is no stranger to the criminal justice system."

{¶3} Relevant to this matter, in 2018, Mr. Finlaw admits (and the State does not contest) that he was indicted on three counts of OVI with repeat OVI specifications, pursuant to R.C. 4511.19(A), 2941.1417(A), and former 2981.02(A)(2) and (3)(a). Mr. Finlaw pleaded guilty to all three counts and the specifications and was sentenced to six months on the merged underlying offense and one year on a repeat offender specification, which was ordered to be served consecutively to the sentence on the underlying offense. The trial court advised him of the potential for up to three years of post-release control.

{¶4} Mr. Finlaw completed his sentence and was released in July 2020. The Adult Parole Authority determined he would be supervised on one-year post-release control.

{¶5} Mr. Finlaw admits that, on September 23, 2020, he was charged with obstructing official business, disorderly conduct, menacing, and criminal trespassing. In November 2020, a warrant was issued for his arrest when he failed to appear for trial and remained at large for nearly four years. Although these charges were apparently dismissed, Mr. Finlaw failed to report to his supervising parole officer.[1] After unsuccessfully attempting to locate Mr. Finlaw, the officer reported his absence to the Trumbull County Prosecuting Attorney's Office, who brought the matter before the Trumbull County Grand Jury.

---

1. Mr. Finlaw admits the dismissal of these charges in his brief and the State does not dispute this representation. This point, however, is not specifically relevant to the substance of the instant appeal.

Case No. 2025-T-0030

{¶6} On February 3, 2021, Mr. Finlaw was indicted on one count of escape, a felony of the fifth degree, in violation of R.C. 2921.34(A)(3) and (C)(3). In October 2024, he turned himself in to authorities and was arrested. At his arraignment, Mr. Finlaw made certain bizarre inquiries into the trial judge's acceptance of "Jesus Christ as [his] Lord and Savior." When the trial judge did not answer, Mr. Finlaw asked, "So have you given your soul to Satan?" The trial judge noted on record that Mr. Finlaw entered a plea of not guilty and set his bond at $10,000 cash or surety.

{¶7} Trial counsel subsequently moved for a competency evaluation. On October 29, 2024, the trial court ordered a forensic examination and asked the evaluator to assess Mr. Finlaw's competence to stand trial.

{¶8} On November 14, 2024, a psychologist for the Forensic Psychiatric Center of Northeast Ohio ("FPCNO") visited the Trumbull County Jail to evaluate Mr. Finlaw. According to the doctor, Mr. Finlaw refused to be evaluated or interviewed. The psychologist therefore was unable to provide the court with an opinion regarding Mr. Finlaw's competency to stand trial.

{¶9} On February 20, 2025, counsel for Mr. Finlaw requested a 20-day competency evaluation, seeking a court order to transport Mr. Finlaw to Heartland Behavioral Healthcare ("HBH") to complete the competency evaluation.[2] The State opposed the motion. The State asserted that all defendants are presumed competent, and therefore the trial court should conduct an initial inquiry before granting the motion.

---

2. Coincidentally, as will be discussed below, Mr. Finlaw was admitted to HBH (unbeknownst to counsel) in November 2024.

Case No. 2025-T-0030

{¶10}  On March 4, 2025, a hearing on Mr. Finlaw's competency was apparently held. No transcription of that hearing was submitted into the record, and Mr. Finlaw did not provide the court with an App.R. 9(C) statement.

{¶11}  On March 5, 2025, the trial court filed a judgment noting Mr. Finlaw's "mildly disruptive behavior" at his arraignment. The court further pointed out that defense counsel had not had an opportunity since the arraignment to speak with Mr. Finlaw and, therefore, he was unable to offer any information concerning Mr. Finlaw's mental state outside of the courtroom.

{¶12}  According to the trial court, Mr. Finlaw remained silent at the March 4, 2025 hearing. Given these points, the trial court determined that Mr. Finlaw presented no evidence demonstrating he was incompetent to stand trial. The court observed there "was no evidence of completely irrational behavior or mental illness." The court further underscored that "[u]ncooperative behavior does not rise to the level of incompetency." Mr. Finlaw's motion for a  20-day competency evaluation was therefore overruled.

{¶13}  The matter proceeded to jury trial, and Mr. Finlaw was convicted of felony-five escape. He was sentenced to a prison term of 12 months. Mr. Finlaw appealed and assigns the following as error:

{¶14}  "The trial court erred and denied defendant-appellant Finlaw of his Constitutional right to Due Process, by not following the statutory procedures and thereby failing to determine whether he was mentally competent to stand trial." (Sic.)

{¶15}  Mr. Finlaw takes issue with the trial court's determination of competency because it did not consider (and his defense counsel was not aware of) records from HBH

which were created due to "the apparent request of jail officials on October 15, 2024."[3] These documents were filed with this court under seal and therefore their content is confidential.

{¶16} Nevertheless, in light of the documents, Mr. Finlaw raises the following issues regarding the trial court's competency determination: (1) whether a lengthy history of substance abuse associated with criminal behavior is indicative of mental health issues; (2) whether a county sheriff, through his or her jail officials, has authority to refer an inmate awaiting criminal proceedings to inpatient mental health institution for any purpose; (3) whether a criminal defendant's obstinate, antisocial behavior and failure to cooperate with official proceedings warrants a review of his competence to stand trial; (4) whether the failure of the trial court to follow the statutory procedure for a competency evaluation prejudiced its alleged untimely determination; and (5) whether a criminal defendant is required to show "evidence of completely irrational behavior or mental illness" during a competency hearing.

{¶17} Appellate review of a trial court's competency determination is limited to the abuse-of-discretion standard. *State v. Vrabel*, 2003-Ohio-3193, ¶ 33. Mr. Finlaw concedes this court's deferential standard of review.

{¶18} "[T]he court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial." R.C. 2945.37(B). "If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue . . . ." *Id*.

{¶19} Under R.C. 2945.37(G):

---

3. As noted above, it is unclear how or why Mr. Finlaw was admitted to HGH in October or November of 2024. The record does not disclose a judicial or administrative order for a transfer or psychological evaluation during this period.

Case No. 2025-T-0030

> A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial . . . .

*See also Dusky v. United States*, 362 U.S. 402 (1960) ("[T]he test must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.").

{¶20} In *State v. Bock*, 28 Ohio St.3d 108 (1986), the Supreme Court of Ohio explained that incompetency is measured by the statutory criteria, i.e., the ability to understand the nature and objective of the proceedings and a defendant's ability to assist in his or her defense. *Id.* at 110. By implication, "[i]ncompetency must not be equated with mere mental or emotional instability or even with outright insanity." *Id.* Indeed, "[a] defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *Id.*

{¶21} R.C. 2945.37 provides procedures for conducting a competency hearing. R.C. 2945.37(E) states: "The prosecutor and defense counsel may submit evidence on the issue of the defendant's competence to stand trial. A written report of the evaluation of the defendant may be admitted into evidence at the hearing . . . ." A competency hearing *apparently* occurred in this case, but this court has no transcript or equivalent App.R. 9(C) statement of evidence to evaluate the evidence produced at the hearing.

{¶22} It is incumbent upon the appellant "to ensure that the record or whatever parts thereof are necessary for the determination of the appeal are filed with the appellate court." (Citation omitted.) *Aurora v. Belinger*, 2008-Ohio-6772, ¶ 30 (11th Dist.). "The duty to provide a transcript for appellate reviews falls upon the appellant because [the appellant] has the burden of showing error by reference to the record." *Id.* at ¶ 31, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "If the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion." App.R. 9(B)(4). Where a transcript is unavailable, the appellant is still obligated to provide a complete record pursuant to App.R. 9(C), (D), or (E). *Belinger* at ¶ 31.

{¶23} We have no information regarding the evidence that was presented other than the trial court's judgment overruling Mr. Finlaw's motion for competency. To the extent Mr. Finlaw's arguments depend upon such evidence, we must presume regularity. *See Hartt v. Munobe*, 67 Ohio St.3d 3, 7 (1993) (In the absence of a transcript or relevant App.R. 9 equivalent, "[a]n appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below."); *see also Knapp,* 61 Ohio St.2d at 199.

{¶24} Considering these important points, Mr. Finlaw directs us to *State v. Hough*, 2022-Ohio-4436 (plurality), where the failure to hold a hearing on competency to stand trial was not considered harmless error. *Id.* at ¶ 37. In that case, there were sufficient indications of incompetence to stand trial. *Id*. Mr. Finlaw further cites *State v. Were*, 2002-

Case No. 2025-T-0030

Ohio-481, where the Supreme Court of Ohio determined that the trial court's failure to hold a hearing on the defendant's competence to stand trial was a violation of the defendant's constitutional rights. *Id.* at ¶ 8-10. In *Were*, the error was not harmless. *Id.* at ¶ 14.

{¶25} Here, a hearing on Mr. Finlaw's competence to stand trial was held. In this respect, *Hough* and *Were* are not on point. Because, however, we have no record of the hearing, we cannot assess the weight and substance of the trial court's determinations.

{¶26} We do possess a transcript of the arraignment. Although Mr. Finlaw characterizes his behavior at the arraignment as "manic disruptions," we agree with the trial court's characterization that his behavior was "mildly disruptive."

{¶27} Moreover, despite attempts to evaluate Mr. Finlaw, he refused. Mr. Finlaw argues that the initial psychologist's failure to file a report within the 30-day statutory timeframe was problematic. Perhaps that would be true if the psychologist had an opportunity to evaluate Mr. Finlaw. Mr. Finlaw, however, via his refusal, precluded the interview and evaluation. Without an available interviewee, no interview could take place. The failure to file a report with non-existent determinations is of no moment.

{¶28} Mr. Finlaw also takes issue with the timing of the hearing. He maintains it was outside the timeframe permitted by R.C. 2945.37(C), which provides: "The court shall conduct the hearing required or authorized under division (B) of this section within thirty days after the issue is raised, unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation . . . ."

Case No. 2025-T-0030

{¶29} While trial counsel moved for a competency evaluation on October 9, 2024, the trial court granted the motion on October 29, 2024. Because an evaluation was set, it would appear that R.C. 2945.37(C) did not require the hearing within 30 days of the motion. Moreover, the evaluating psychologist submitted a letter on November 14, 2024, representing that Mr. Finlaw was unwilling to submit to her assessment. Accordingly, no report was filed. Without a report, the ten-day statutory period could not be triggered.

{¶30} We understand that the trial court could have been more efficient in conducting a hearing. Still, Mr. Finlaw's counsel did not file an additional request for evaluation until February 20, 2025, after which the court conducted a competency hearing on March 4, 2025. We do not perceive the trial court's procedural acts or omissions to rise to the level of reversible error – a hearing was ultimately held upon counsel's second motion (in light of the lack of a report filed by the psychologist after Mr. Finlaw failed to avail himself to the first evaluation), and a disposition was reached. Statutory due process, in this respect, was reasonably satisfied.

{¶31} Counsel on appeal concedes that it is unclear why Mr. Finlaw was transferred to HBH in November 2024. There is no judgment ordering the transfer and the psychologist from FPCNO did not request such a transfer. Moreover, trial counsel did not seek the transfer or request an evaluation from HBH until February 20, 2025 – the motion which prompted the eventual March 4, 2025 competency hearing. Indeed, it would appear that trial counsel was unaware of the November 2024 transfer to the extent the trial court's March 5, 2025 judgment indicates that counsel had not spoken with Mr. Finlaw since the 2021 arraignment. Nevertheless, the record, filed under seal, demonstrates that Mr. Finlaw was assessed at HBH in November 2024. Without more information in the

record, this court cannot comment or draw any conclusions on the "whys and wherefores" of the possible referral or Mr. Finlaw's removal to HBH. Accordingly, we find no specific error in the court proceedings. Due to the omitted information, this court lacks sufficient evidence to make any judicial observations regarding Mr. Finlaw's November 2024 evaluation(s) at HBH.

{¶32} Next, Mr. Finlaw makes various assertions that, it seems to this court, implicate the evidence adduced at the competency hearing. For instance, he takes issue with the trial court's finding that he presented no evidence that he was incompetent to stand trial and no evidence of "completely irrational behavior or mental illness."

{¶33} The court's finding, without a transcript or an applicable App.R. 9(C) statement of the evidence, cannot be effectively assessed. We cannot comment or speculate on whether the evidence at the hearing revealed contrary or supportive information. We must therefore presume regularity. *See Hartt,* 67 Ohio St.3d at 7.

{¶34} Nevertheless, we do not view the trial court's statement as a necessary or sufficient condition for incompetency to stand trial. That is, the trial court's statement implies that Mr. Finlaw was sufficiently aware, rational, and devoid of any specific mental illness/observable mental problems such that he was not incompetent to stand trial. In other words, we see the court's observation as a means of communicating its view that Mr. Finlaw, under the circumstances, was capable of understanding the nature and objective of the proceedings against him and/or assisting in his defense against the charges. *See* R.C. 2945.37(G).

{¶35} Mr. Finlaw challenges the trial court's observation that his refusal to cooperate did "not rise to the level of incompetency." We conclude the trial court's

Case No. 2025-T-0030

observation is accurate and not an abuse of discretion. Simply because a defendant does not wish to follow the orders of a court or the advice of counsel does not, in any necessary way, imply that defendant is incompetent to stand trial. *See State v. Berry*, 1995-Ohio-310, ¶ 27 ("appellant's failure to cooperate with counsel does not indicate that appellant was incapable of assisting in his defense").

{¶36} Indeed, a review of this case demonstrates that Mr. Finlaw understood the nature of the proceedings against him to the extent he turned himself in to answer the charges. He may have "muted" himself or sequestered himself from the initial evaluator, but this does not suggest he was incompetent to stand trial, i.e., "incapable of understanding the nature and objective of the proceedings against" him or he is incapable of assisting in his defense. R.C. 2945.37(G).

{¶37} He further asserts it was improper for the trial court to consider his behavior at the competency proceedings as a metric for assessing his understanding of the underlying criminal proceedings. Again, we cannot evaluate the evidence received at the hearing because we possess no record of the proceedings or App.R. 9(C) statement. Still, in his brief, Mr. Finlaw acknowledges "he turned himself into authorities." This demonstrates a modicum of understanding the nature of the underlying criminal proceedings upon which the trial court, in its discretion, could reasonably rely.

{¶38} Moreover, Mr. Finlaw contends that the trial court did not appear to offer any weight to defense counsel's statement that he had been unable to speak with Mr. Finlaw since his arraignment. In his view, the trial court's findings or lack of findings do not demonstrate that Mr. Finlaw was able to assist in his defense. Again, without a record

of the underlying competency proceedings, we cannot effectively or legitimately assess this point.

{¶39} As discussed above, the Supreme Court of Ohio observed that "[i]ncompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *Bock*, 28 Ohio St.3d 110 (1986).

{¶40} Furthermore, Mr. Finlaw seems to suggest his drug addiction and any attendant strange behavior or psychoses related to his use of drugs are foundations for a finding of a lack of competency to stand trial. To the contrary, such factors are not, unto themselves, evidence of incompetence. *See State v. Powers*, 2021-Ohio-4357, ¶ 16 (12th Dist.), citing *Bock* at 110 (observing that a defendant's hospitalization for drug-related problems, his emotional distress, and the fact that he made suicidal comments were not sufficient to demonstrate incompetence to stand trial). In short, the fact that Mr. Finlaw had a history of drug and alcohol use or abuse did not render him incompetent to stand trial or otherwise create sufficient indicia of incompetence to render him incompetent to stand trial.

{¶41} In light of the foregoing discussion, we respond to the issues presented by appellant accordingly:

{¶42} (1) Mr. Finlaw's lengthy history of substance abuse associated with criminal behavior may be indicative of mental health issues, but do not, unto themselves, render him incompetent to stand trial.

{¶43} (2) Because we do not know who referred Mr. Finlaw to HBH, we need not address whether the county sheriff or his or her officials have authority to refer an inmate awaiting criminal proceedings to an inpatient mental health institution for any purpose.

{¶44} (3) Mr. Finlaw's alleged obstinate, antisocial behavior, and failure to cooperate with official proceedings did warrant a review of his competence to stand trial. The trial court, however, held a hearing on his competence to stand trial, and, given the state of the record, we cannot conclude the trial court abused its discretion in finding Mr. Finlaw competent to stand trial.

{¶45} (4) It is unclear whether the trial court failed to follow the statutory procedure for a competency evaluation (in terms of whether it timely held a hearing). However, Mr. Finlaw was afforded statutory due process and thus suffered no prejudice.

{¶46} (5) A criminal defendant need not demonstrate "evidence of completely irrational behavior or mental illness" during a competency hearing. The trial court's use of this phrase in this case was not dispositive of its ruling, but merely a means of communicating its position that Mr. Finlaw was capable of understanding the proceedings against him and assisting in his defense.

{¶47} On appeal, Mr. Finlaw has not set forth persuasive evidence indicating he failed to appreciate the nature of the charge he faced or that he was unable to assist in his defense. The trial court did not abuse its discretion in finding him competent to stand trial.

{¶48} Mr. Finlaw's assignment of error lacks merit.

Case No. 2025-T-0030

{¶49} The judgment of the Trumbull County Court of Common Pleas is affirmed.


JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error lacks merit. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

 

JUDGE EUGENE A. LUCCI

JUDGE JOHN J. EKLUND,
concurs

JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0030